J. W. FAULKNER, RESPONDENT, *v.* JOSHUA HENDY, APPELLANT.

COSTS — SERVICES OF EXPERT. — In order that the expense of the services of an expert accountant may be taxed as costs in a case where his services as an expert are necessary for the proper presentation and determination of the case, he should be appointed by and act under the direction of the court. If either party sees proper to employ the services of an expert for his own benefit, the court should not require the opposite party to pay for the services thus rendered.

APPEAL from an order of the Superior Court of the city and county of San Francisco retaxing costs after judgment.

The facts are stated in the opinion of the court.

*Warren Olney, William H. H. Hart, Aylett R. Cotton,* and *E. W. McKinstry,* for Appellant.

*C. E. K. Royce,* for Respondent.

WORKS, J.—Action for the dissolution of a partnership, and for an accounting. Judgment for the plaintiff, dissolving the partnership, and for the sum of $35,254.24. As to the costs, it was provided in the decree that "the costs of said action be divided between said parties, and adjusted hereafter." Subsequently the plaintiff filed his cost bill, in which was included an item of $4,570, amount expended by him in payment of one Julius Reimer, an accountant. The defendant moved the court to retax the costs, and to strike out the whole of this item, upon the ground, among others, that it was not a legal charge against the defendant as a part of the costs of the action. The court refused to strike out the whole item of costs, but reduced the amount to $1,360, and charged that amount against the defendant as a part of the costs.

The defendant appeals to this court from the order of the court retaxing the costs as above stated.

The evidence taken at the hearing of the motion to retax clearly shows that Reimer was employed by the plaintiff, or his attorney, as an expert to examine the books of the partnership, and render a statement of the condition thereof.

The question presented, therefore, is, whether it is proper, where an expert is employed and is acting for one of the parties, to charge the same against the losing party as a part of the costs of the action. If the services of an expert are necessary for the proper presentation and determination of the case, he should be appointed by and act under the direction of the court. Where, as in this case, he is the employee of one of the parties, the temptation to act in the interest of such party must be apparent. Therefore, in order to secure his fair and disinterested services, he should be appointed by the court, and not by either of the parties, and if either party sees proper to employ the services of an expert for his own benefit, the court should not require the opposite party to pay for the services thus rendered.

For these reasons, the order appealed from is reversed, with instructions to the court below to sustain the motion of the defendant to strike out the item of costs above mentioned.

Paterson, J., and Beatty, C. J., concurred.