[Civ. No. 1182.   Second Appellate District.—November 8, 1912.]

## CHAS. H. BLAIR, Appellant, v. BROWNSTONE OIL & REFINING COMPANY (a Corporation), Respondent.

APPEAL—COSTS—EXPENSE OF PRINTING BRIEFS NOT RECOVERABLE.—The expense of printing briefs to be used in the appellate court is not an expense intended to be considered as costs which the successful party shall be allowed to recover.

ID.—PROVINCE OF APPELLATE COURTS—DISCRETION.—The appellate courts have discretion to determine what are the necessary costs incurred upon the appeal, notwithstanding the memorandum of costs claimed upon the appeal is filed in the lower court.

ID.—NECESSARY CONSTRUCTION OF RULE.—By rule XIII of the supreme court, the matter of costs incurred for printing papers to be used on appeal is thus regulated: "The expense of printing transcripts on appeal in civil causes and pleadings, affidavits, or other papers constituting the record upon which the case is heard, required by these rules to be printed shall be allowed as costs, and taxed in bills of costs in the usual mode." By necessary construction it follows that other printing charges not included within the specifications of the rule, such as for the printing of briefs, are not to be deemed as proper costs or disbursements which the successful party is entitled to collect.

ID.—COSTS INCIDENT TO TRIAL—DISCRETION OF TRIAL COURT—CASH PAID OFFICIAL REPORTER TO TRANSCRIBE EVIDENCE—ORDER NOT PROCURED—PROPER DISALLOWANCE.—The trial court has discretion in determining what expenses and disbursements have been necessarily incurred in the course of the trial. Where no application appears to have been made to the superior judge, directing the reporter to transcribe the evidence agreeable to the provisions of section 274 of the Code of Civil Procedure, a party paying cash to the official reporter to procure a transcript of the evidence, is not entitled to recover the same as costs against the adverse party, and the court did not err in disallowing the same.

APPEAL from an order of the Superior Court of Los Angeles County disallowing items claimed in a memorandum of costs filed in the Superior Court.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, and Chas, E. Putnam, for Appellant.

Leonard B. Slosson, for Respondent.

JAMES, J.—Plaintiff herein heretofore appealed to this court from a judgment entered in favor of defendant and by that appeal secured a reversal of the judgment, with an order that he might recover his costs of appeal. Upon the going down of the *remittitur* he duly filed in the superior court a memorandum setting forth a statement of costs and disbursements accruing upon the appeal. This bill of costs contained an item of $26.60 purporting to be for money paid to the official reporter of the superior court for transcript of evidence, and the items of $22.50 and $13.50 designated as the amounts paid for having printed the opening and closing briefs filed on behalf of appellant on the appeal. Defendant objected to these items being charged on the ground that they were not such as were taxable against it and the superior court disallowed the same. From that order the plaintiff has now appealed.

Section 1033 of the Code of Civil Procedure provides that the party in whose favor a judgment is rendered, and who claims his costs, "must deliver to the clerk, and serve upon the adverse party, . . . a memorandum of the items of his costs and necessary disbursements in the action, . . . verified by the oath of the party, or his attorney or agent, . . . stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." Section 1034 of the same code, immediately following, provides: "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed by the preceding section, and thereafter he may have an execution therefor as upon a judgment." The expense of printing briefs to be used in the appellate court, in our opinion, is not an expense intended to be considered as costs which the successful party shall be allowed to recover. Generally speaking, by the term "costs" we understand to be meant those fees and charges which are required by law to be paid to the courts or some of their officers, or the amount of which is expressly fixed by law. It has been held that a trial judge has discretion in determining

what expenses and disbursements have been necessarily incurred in the course of the trial, and that his determination of such a question will not be disturbed on appeal, except where an abuse of such discretion is shown. (*Miller* v. *Highland Ditch Co.*, 91 Cal. 103, [27 Pac. 536].) In that case it was held, however, that unless the charges made appeared upon their face to be proper and necessary the burden would be upon the party claiming the right to collect them to show that the expense or expenses had been necessarily incurred. The matter of the amount of costs on appeal is one which under the old Practice Act was settled in the appellate court. Later the practice was adopted of filing a memorandum of costs in the lower court (*Ex parte Burrill,* 24 Cal. 350), and this practice became the settled rule when section 1034 of the Code of Civil Procedure was adopted, which expressly required such memorandum of costs to be filed with the clerk of the court below. But as we have suggested, a discretion rests with the trial court to determine what are the necessary costs and disbursements incident to the trial, and likewise it must be said that the appellate courts have discretion to determine what shall be considered as necessary costs and charges incurred upon the appeal. Our supreme court by rule XIII has adopted the following regulation affecting the matter of costs incurred for printing papers to be used on appeal: ''The expense of printing transcripts on appeal in civil causes and pleadings, affidavits, or other papers constituting the record in original proceedings upon which the case is heard, required by these rules to be printed, shall be allowed as costs, and taxed in bills of costs in the usual mode.'' By necessary construction it follows that other printing charges not included within the specifications of the rule, such as for the printing of briefs, are not to be deemed as proper costs or disbursements which the successful party is entitled to collect. We cite: *Bond* v. *United Railroads of San Francisco,* 20 Cal. App. 124, [128 Pac. 786]. The item of $26.60 was charged as cash paid to the official reporter of the superior court for transcript of evidence. It does not appear that any application was made to or order secured from the superior judge directing the reporter to transcribe his official notes, and unless such order was made, agreeable to the provisions of sec-

tion 274 of the Code of Civil Procedure, the party paying such charges cannot recover them as costs. In our opinion, the order of the court disallowing the charges enumerated as not being proper costs and disbursements chargeable against the adverse party, was without error.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.