[Civ. No. 23527.   Second Dist., Div. One.   Sept. 8, 1959.]

TEREASA GIBSON, Respondent, v. THRIFTY DRUG COMPANY (a Corporation) et al., Defendants; LOS ANGELES UNION TERMINAL COMPANY (a Corporation), Appellant.

E. D. Yeomans, Edward A. Hume, John H. Gordon and James W. O'Brien for Appellant.

Hirson & Horn, Henry A. Fox and Margolis, McTernan & Branton for Respondent.

NOURSE, J. pro tem.*—Los Angeles Union Terminal, Inc., appellant corporation, appeals from an order retaxing costs against it. The appeal is taken upon a settled statement of facts.

The relevant facts are: Plaintiff commenced an action to recover damages for personal injuries. She named as defendants 17 corporations, 2 individuals and more than 40 persons whom she sued under fictitious names. One of the defendants named was Borun Bros., a corporation. Both it and plaintiff demanded a trial by jury. Borun Bros. deposited the initial jury fees and paid all jury fees assessed for each day of the trial with the exception hereinafter noted. At the close of evidence the trial court directed a verdict in favor of Borun Bros. and judgment was entered in its favor. After the verdict was directed in favor of Borun Bros. the plaintiff and the appellant, Los Angeles Union Terminal, Inc., agreed to divide the jury fees for the day upon which arguments to the jury were had and agreed to divide and did divide the expenses of the jury during the time of their deliberations.

The jury returned a verdict in favor of the plaintiff and against Los Angeles Union Terminal, Inc. Judgment upon this verdict was entered on April 1, 1958. Within due time and on April 7th, plaintiff served and filed her memorandum of costs and disbursements in which she claimed as a part of her costs the jury fees and expenses paid by her. Appellant gave notice of motion to tax costs. Thereafter on April 10th Borun Bros. caused judgment to be entered in its favor and filed a memorandum of costs in which it claimed among other things the jury fees paid by it in the sum of $650. On April 11th, plaintiff filed her notice of motion to amend her memorandum of costs so as to include in her claim for costs the $650 claimed by Borun Bros. in its memorandum of costs and

---

*Assigned by Chairman of Judicial Council.

disbursements. Appellant opposed the motion to amend but the trial court granted the motion and retaxed the plaintiff's costs in the sum of $746.80; this sum included the $650 jury fees paid by Borun Bros. and for which it claimed judgment against the plaintiff. It is the $650 included in the judgment for costs against it which appellant attacks on this appeal.

Plaintiff's rights to costs are covered by sections 1032 and 1033 of the Code of Civil Procedure. Section 1032 of the Code of Civil Procedure insofar as relevant here provides in substance that in the superior court a plaintiff who secures a favorable judgment for damages is entitled to costs, as of course, unless his recovery be less than the sum of $3,000.

Section 1033 provides that the party in whose favor the judgment is rendered and who claims "his costs" must serve and file a memorandum of the items of "his costs and necessary disbursements" within 10 days after the entry of the verdict. Costs and disbursements are synonymous. (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266 at 274 [83 P.2d 503].)

The term "costs" means "those fees and charges which are required by law to be paid to the courts, or some of their officers" or an amount which is expressly fixed by law as recoverable as costs. (*Moss* v. *Underwriters' Report, Inc., supra*, 12 Cal.2d 266; *Bond* v. *United Railroads*, 20 Cal.App. 124 [128 P. 786]; *Blair* v. *Brownstone Oil & Refining Co.*, 20 Cal.App. 316 at 317 [128 P. 1022].)

The defendant Borun Bros. and appellant were co-defendants but were not adverse parties and neither was entitled to its costs as against the other. Borun Bros. as a successful defendant was entitled to a judgment for its costs against the plaintiff and these costs included the jury fees and mileage paid by it to the clerk. Likewise, plaintiff was entitled as against appellant, to jury fees and jury expense paid by her to the clerk and had she paid the entire jury fees she would have been entitled to those as against appellant. She was not, however, entitled to recover from appellant the amount of the judgment obtained against her by Borun Bros. for these were not her disbursements nor were they paid or payable by her to the clerk but payable to Borun Bros.

The right to costs is statutory and the statute does not give a party any right to recover those amounts which she has become liable for because she has unsuccessfully prosecuted an action against a third person as well as against a defendant as to whom she is successful. To hold otherwise would be

to indirectly make the defendant liable for the costs incurred by another defendant.

The judgment is reversed and the trial court is directed to amend its order retaxing costs so as to deduct from the amount of costs allowed to the plaintiff the sum of $650; appellant to recover costs on appeal.

Fourt, Acting P. J., and Lillie, J., concurred.

---

*Assigned by Chairman of Judicial Council.