[No. S057813. Feb. 5, 1998.]

STEVE DAVIS, Plaintiff and Appellant, v.
KGO-T.V., INC., Defendant and Appellant.

## COUNSEL

Daniel U. Smith, Ted W. Pelletier, McGuinn, Hillsman & Palefsky, John A. McGuinn and Kerry J. McLean for Plaintiff and Appellant.

Brad Seligman, James C. Sturdevant, Endeman, Lincoln, Turek & Heater, Linda B. Reich and George H. Kaelin III as Amici Curiae on behalf of Plaintiff and Appellant.

Kauff, McClain & McGuire, Maureen E. McClain and Glen C. Shults for Defendant and Appellant.

Paul, Hastings, Janofsky & Walker, Paul Grossman, Proskauer Rose, Jeffrey A. Berman and Gloria C. Jan as Amici Curiae on behalf of Defendant and Appellant.

## OPINION

**MOSK, J.**—Government Code section 12965, subdivision (b), provides that the trial court, in an action brought under the Fair Employment and Housing Act (hereafter FEHA), has discretion to award "reasonable attorney fees and costs" to the prevailing party. Code of Civil Procedure section 1033.5 provides that the fees of an expert not ordered by the court are not recoverable costs, except when expressly authorized by law.

We granted review in this matter to answer the question whether fees of an expert not ordered by the court may be recovered by the prevailing party in an FEHA action. We conclude that, in the absence of any law expressly authorizing the award of such fees, the answer is negative. Accordingly, we affirm the judgment of the Court of Appeal, which held to that effect.

I.

Plaintiff Steve Davis was terminated as a reporter for defendant KGO-T.V., Inc. (hereafter KGO). At the time of termination, he was 53 years old and had worked for KGO for 20 years. He brought an action alleging wrongful termination on the basis of age, in violation of FEHA. (Gov. Code, § 12900 et seq.) A jury found that Davis had suffered damages in the amount of $484,579, but reduced its award to $224,419, finding that he could have earned the difference if he had made reasonable efforts to obtain substitute employment. The trial court entered a judgment in accord with the verdict and further awarded him costs and attorney fees of $49,691.38 and

$290,030, respectively. The costs awarded included approximately $45,000 for the fees of several experts not ordered by the court.

Both parties appealed on various grounds, including, as relevant here, the costs award. Although it affirmed the judgment in all other respects, the Court of Appeal concluded that the trial court erred in allowing fees of experts not ordered by the court as an allowable item of costs. It reversed the award and remanded the matter to the trial court for redetermination of costs in accordance with its decision. We granted review on this point.

## II.

The "costs" of a civil action consist of the expenses of litigation, usually excluding attorney fees. Under the common law rule, parties to litigation must bear their own costs. The right to recover any of such costs is determined entirely by statute. "It is axiomatic that the right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party." (*Garcia* v. *Hyster Co.* (1994) 28 Cal.App.4th 724, 732 [34 Cal.Rptr.2d 283]; *Williams* v. *Atchison etc. Ry. Co.* (1909) 156 Cal. 140, 141 [103 P. 885].)

The statute at issue, Government Code section 12965, subdivision (b), states that, in an FEHA action, "the court, in its discretion, may award to the prevailing party reasonable attorney fees and costs . . . ." Although it thus authorizes the trial court to shift the prevailing party's "costs" to the losing party, it does not define the term "costs."

Plaintiff seeks to recover the fees of several experts not ordered by the court. He argues that the term "costs," as it appears in Government Code section 12965, subdivision (b), includes any and all items of costs, subject only to the trial court's discretion.

The Court of Appeal held that the fees of such an expert are not allowable "costs." Its holding is sound. Both before and after the enactment of Government Code section 12965, subdivision (b), certain items of costs have been recognized as allowable, certain items of costs, including the fees of experts not ordered by the court, have been recognized as nonallowable except when expressly authorized by law, and other items of costs have been recognized as allowable in the court's discretion.

Prior to the enactment of Government Code section 12965, subdivision (b), in 1978, the term "costs" was held to mean " 'those fees and charges which are required by law to be paid to the courts, or some of their officers'

or an amount which is expressly fixed by law as recoverable as costs." (*Gibson* v. *Thrifty Drug Co.* (1959) 173 Cal.App.2d 554, 556 [343 P.2d 610].) Although the trial court had broad discretion in awarding costs, not all the expenses of a party were allowable items of costs. As pertinent here, nonallowable items of costs included the fees of experts not ordered by the court. (*Metropolitan Water Dist.* v. *Adams* (1944) 23 Cal.2d 770, 773 [147 P.2d 6]; *Rabinowitch* v. *Cal. Western Gas Co.* (1967) 257 Cal.App.2d 150, 161 [65 Cal.Rptr. 1]; *ABC Egg Ranch* v. *Abdelnour* (1963) 223 Cal.App.2d 12, 19 [35 Cal.Rptr. 487].)

In *Metropolitan Water Dist.*, the defendants sought costs, including the fees of experts, in connection with a condemnation action (*Metropolitan Water Dist.* v. *Adams*, *supra*, 23 Cal.2d at p. 771.) They relied on former Code of Civil Procedure section 1255a, which provided that, upon the abandonment of condemnation proceedings, defendants were entitled to " 'costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. . . .' " (23 Cal.2d at p. 772.) The plaintiff countered that the fees and expenses of an expert employed by a party to testify in court or for work done outside of court were not taxable as costs. We cited former Code of Civil Procedure section 1871, a general statute that empowered the trial court to appoint and fix compensation for expert witnesses, but providing that a party producing an expert witness not ordered by the court " 'shall be entitled to the ordinary witness fees only.' " (23 Cal.2d at p. 772) We held that because there was no express statutory authority for an award of the fees of an expert witness who was not appointed by the court, the fees were not an allowable item of costs: "Because the trial court made no order appointing as an expert any one of the . . . persons for whom compensation is claimed . . . , there can be no recovery for amounts paid or incurred as the expense of expert witnesses." (*Id.* at p. 774.)

In *Rabinowitch*, the trial court disallowed the fees of an expert as an item of costs under the general fee shifting provisions of former Code of Civil Procedure sections 1032 and 1033. The Court of Appeal affirmed. "Although there is no statutory definition of 'costs' in California (see Code Civ. Proc., §§ 1032-1033), the term has been held to encompass fees and charges required by law to be paid to the courts or their officers, or amounts specifically fixed by law as recoverable. [Citation.] The fees of experts employed by one of the parties are normally not allowable as costs." (*Rabinowitch* v. *Cal. Western Gas Co.*, *supra*, 257 Cal.App.2d at p. 161.) It explained, "[W]here, as here, an [expert] is not appointed by the court but is employed by one of the parties, 'the temptation to act in the interest of such party must be apparent' and 'the court should not require the opposite party

to pay for the services thus rendered.' " (*Id.* at p. 162, quoting *Faulkner* v. *Hendy* (1889) 79 Cal. 265, 266 [21 P. 754].)[1]

Subsequent to the enactment of Government Code section 12965, the Legislature enacted Code of Civil Procedure section 1033.5, to expressly define the term "costs" as used in Code of Civil Procedure section 1032, the principal statute governing the right of a prevailing party to recover costs. Code of Civil Procedure section 1033.5 specifies which costs are "allowable" (*id.*, subd. (a)), which are "not allowable . . . , except when expressly authorized by law" (*id.*, subd. (b)), and which may be allowed or denied in the court's discretion (*id.*, subd. (c)). Allowable costs include ordinary witness fees and the fees of experts *ordered by the court*, so long as they are "reasonably necessary" to the conduct of the litigation and "reasonable" in amount. (Code Civ. Proc. 1033.5, subds. (a)(7) & (8), (c)(1), (2), & (3).) Nonallowable costs include fees of experts not ordered by the court, "except when expressly authorized by law." (*Id.*, 1033.5, subd. (b)(1).)

As explained in an analysis prepared by the Assembly Judiciary Committee, Code of Civil Procedure section 1033.5 was intended not to alter existing law but, instead, to eliminate confusion by specifying for general purposes "which costs are and which costs are not allowable." (Assem. Jud. Com., 3d reading analysis of Sen. Bill No. 654 (1985-1986 Reg. Sess.) Apr. 17, 1986, p. 1.) The lists of allowable and nonallowable costs included in the statute, it explains, "are essentially restatements of existing law, and to a large extent are codifications of case law." (*Ibid.*) "The California Judges Association (CJA), which is the source of this bill, states that the existing law, rules and procedures relating to the awarding of litigation costs are hard to find and hard to follow. This bill is intended to rectify that situation by enacting comprehensive statutory lists of which costs are and are not allowable so that litigants and judges will no longer have to search through myriad statutes, cases and treatises in order to determine whether a particular cost item is allowable. CJA states that the list is not intended to substantively change existing law but rather to, as nearly as possible, merely restate it in a central statutory location." (*Id.* at p. 2.)

---

[1]Plaintiff cites *Golden* v. *Golden* (1969) 270 Cal.App.2d 401 [75 Cal.Rptr. 735] and *Rosenthal* v. *Rosenthal* (1963) 215 Cal.App.2d 140 [30 Cal.Rptr. 49], both divorce actions, as indicating that, at the time Government Code section 12965, subdivision (b), was enacted, there was a conflict of authority concerning a trial court's discretion to award the fees of experts not ordered by the court. He is unpersuasive. *Golden* and *Rosenthal* hold, without analysis, that the trial court in a divorce action did not abuse its discretion in awarding the fees of an accountant. Neither purports to call into question the general rule of long standing, articulated in *Metropolitan Water Dist.* and *Rabinowitch*. Significantly, outside the specialized area of family law, *Rabinowitch* continues to be cited for its rule. (See, e.g., *Boyd* v. *Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 382 [258 Cal.Rptr. 473]; *Posey* v. *State of California* (1986) 180 Cal.App.3d 836, 852-853 [225 Cal.Rptr. 830].)

Thus, both before and after Government Code section 12965, subdivision (b), was enacted, the fees of experts not ordered by the court were not an item of allowable costs. Code of Civil Procedure section 1033.5 simply codified prior law to that effect.

As the Court of Appeal noted, the Legislature has created exceptions to the general rule concerning costs, by expressly authorizing the shifting of the fees of an expert in specific types of actions. For example, in a mandate action by a licensed land surveyor or a registered civil engineer to compel the filing of a record of survey, "the court may award to the prevailing party costs and other expenses of litigation, including the payment of experts and other witnesses, and reasonable attorney's fees." (Bus. & Prof. Code, § 8768.5; see also, e.g., Corp. Code, § 1305, subd. (e) [action to compel the purchase of dissenting shareholders' interests]; Gov. Code, § 8670.56.5, subd. (e) [action under the Lempert-Keene-Seastrand Oil Spill and Response Act]; Harb. & Nav. Code, § 294, subd. (e) [action under Miller Anti-Pollution Act of 1971]; Civ. Code, §§ 987, subd. (e)(4), 989, subd. (f)(1) [action to preserve or restore art work]; Civ. Code, § 1745, subd. (d) [action against a dealer in art objects produced in more than one copy]; Fam. Code, § 7553 [action to determine paternity]; Code Civ. Proc., § 1036 [action for inverse condemnation]; id., § 1038, subd. (b) [action under California Tort Claims Act]; id., § 1141.21, subd. (a)(iii) [judgment on trial de novo].)[2]

Although it could have done so, it did not authorize a similar exception to the general rule for parties in a FEHA action. Without such express authorization, the trial court's discretion in a FEHA action is limited to determining whether any allowable costs were "reasonably necessary" and "reasonable in amount" (Code Civ. Proc., § 1033.5, subd. (c)(2) & (3)), and to awarding or denying additional items of costs that are not mentioned as either allowable or nonallowable in Code of Civil Procedure section 1033.5. (Id., subd. (c)(4).)

Analogous federal law similarly does not recognize fees of experts as an ordinary item of costs that may be shifted to the prevailing party in a civil action. (28 U.S.C. §§ 1821(b), 1920.) In *West Virginia Univ. Hospitals, Inc.*

---

[2]There are additional statutes, not applicable here, requiring a party to pay the fees of an opposing party's expert under certain circumstances. Thus, Code of Civil Procedure section 998 provides that the trial court has discretion to shift the fees of experts "who are not regular employees of any party, actually incurred and reasonably necessary in preparation for trial" if either party rejects a written offer to allow judgment and then fails to obtain a more favorable judgment. (*Id.*, subd. (c)(1) [offer by defendant]; *id.*, subd. (d) [offer made by plaintiff].) Similarly, if, during discovery proceedings, a party designates an expert, any other party seeking to depose the expert or to require his or her testimony before the court must pay his or her fees for the time required. (Code Civ. Proc., § 2034, subd. (i); Gov. Code, § 68092.5.)

v. *Casey* (1991) 499 U.S. 83, 99 [111 S.Ct. 1138, 1147, 113 L.Ed.2d 68], the United States Supreme Court held that the federal courts have no power to shift fees of an expert unless expressly authorized by Congress. Nor, under federal precedents, are fees of an expert subsumed in a general statutory authorization for the shifting of attorney fees and costs; such authorization must be explicit.

Thus, *Gray* v. *Phillips Petroleum Co.* (10th Cir. 1992) 971 F.2d 591, 594-595, holds that section 216(b) of title 29 of the United States Code, which governs the cost awards in actions under the Age Discrimination in Employment Act (29 U.S.C. §§ 621-634), does not include expert witness fees as an item of allowable costs because it refers only to an award of "reasonable attorney's fees . . . and *costs of the action.*" (Italics added.) *Gray* acknowledges that excluding the fees of an expert from the definition of allowable "costs" in age discrimination cases would, to some extent, render the provision for "costs" under section 216(b) "superfluous," because "costs" for such actions are also permitted under section 1920 of title 28 of the United States Code. (*Gray* v. *Phillips Petroleum Co., supra*, 971 F.2d at p. 595.) It emphasizes, however, that such redundancy is "insufficient to provide the explicit statutory authority or evidence of Congressional intent necessary to award expert witness fees." (*Ibid.*)

Plaintiff argues that Government Code section 12965, subdivision (b), and Code of Civil Procedure section 1033.5, subdivision (b), are in conflict. He invokes the rule against "implied repeal" and, in the alternative, argues that Government Code section 12965, subdivision (b), must prevail as the more specific statute. He is unpersuasive on both points. The statutes are not in conflict. As discussed, both before and after Government Code section 12965, subdivision (b), the prevailing party had and has no right to certain nonallowable costs, including the fees of experts not ordered by the court. Code of Civil Procedure section 1033.5 merely codified prior law; it did not impliedly repeal any other statute. Nor is Government Code section 12965, subdivision (b), the more specific statute. It uses the bare term "costs," while Code of Civil Procedure section 1033.5 defines the term by codifying the rules specifying which "costs" are allowable, which are nonallowable, and which are within the trial court's discretion.

Plaintiff also argues that applying the definition of costs under Code of Civil Procedure section 1033.5 renders "superfluous" the costs provision of Government Code section 12965, subdivision (b). Again, he is unpersuasive. As discussed, Code of Civil Procedure section 1033.5 was intended to give a more precise meaning to the term "costs" in existing fee-shifting statutes— including Government Code section 12965, subdivision (b)—by defining

which items of costs are allowable and which are not. As in *Gray* v. *Phillips Petroleum Co.*, *supra*, 971 F.2d at page 595, however, even if we were to agree that reading the two statutes together results in some redundancy, that is insufficient to provide the requisite express statutory authority necessary to shift the fees of an expert not ordered by the court.

Similarly, plaintiff contends that applying the definition of costs under Code of Civil Procedure section 1033.5 renders "meaningless" the portion of Government Code section 12965 stating that the court "in its discretion" may award attorney fees and costs. Not so. As discussed, the trial court has discretion to determine whether any allowable costs were "reasonably necessary" and "reasonable in amount" (Code Civ. Proc., § 1033.5, subd. (c)(2) & (3)). It also has discretion to award or deny any additional items of costs that are not mentioned as either allowable or nonallowable in Code of Civil Procedure section 1033.5. (*Id.*, subd. (c)(4).)[3]

Plaintiff further maintains that use of the phrase "except as authorized by law" in Code of Civil Procedure section 1033.5 was intended to refer to decisional as well as statutory law. He refers to the legislative history, which reveals that the original version of the enabling legislation, Senate Bill No. 654 (1985-1986 Reg. Sess.), referred to costs "expressly authorized by or pursuant to statute," but was subsequently revised to its present form.[4] The point is unavailing. As discussed, under the decisional law codified by Code of Civil Procedure section 1033.5, costs were generally not considered to include the fees of experts not ordered by the court.

In any event, plaintiff argues, the absence of such decisional law at the time Code of Civil Procedure section 1033.5 was enacted would not be dispositive: We are empowered to create such decisional law, based on public policy, by carving out an exception in FEHA actions to the general rule that fees of experts are not an item of allowable costs. We are persuaded, however, that the legislative intent behind Code of Civil Procedure

---

[3]At the same time, we reject any suggestion that Government Code section 12965, in referring to the trial court's "discretion" to award attorney fees and costs, intended to provide the prevailing party in a discrimination action with *fewer* remedies than those afforded "as of right" to other litigants pursuant to Code of Civil Procedure sections 1032 and 1033.5.

[4]The legislative history submitted by plaintiff includes a letter to the sponsors of Senate Bill No. 654 from an organization of public interest lawyers, expressing concern about the phrase "authorized by or pursuant to statute" in the original version: "Our concern is that attorney fee awards established pursuant to *decisional* law may include elements that are included in the list of nonallowable items . . . . This could easily be remedied by . . . inserting the word 'law' after 'by' . . . so that subsection (b) would read: (b) The following items are not allowed as costs except when expressly authorized by *law* or pursuant to statute allowing for their award." The language of the final bill is substantially consistent with the suggestion.

section 1033.5 was to codify *existing* law at the time of its enactment, not to permit courts to craft new decisional law concerning what are allowable items of costs.

Plaintiff next urges that we adopt the holding of the sole published opinion in point, *Bouman* v. *Block* (9th Cir. 1991) 940 F.2d 1211, 1237, which summarily concluded that the district court had discretion to award the fees of an expert to the prevailing party in an FEHA action. Again, he is unpersuasive. *Bouman* offers no analysis whatever; it does not constitute persuasive authority.

Plaintiff also relies on *California Housing Finance Agency* v. *E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508 [44 Cal.Rptr.2d 591] (hereafter *CHFA*), which involved a similar statutory provision for a trial court to award attorney fees and costs to the prevailing party. His reliance is misplaced; *CHFA* is distinguishable.

■ The statute at issue in *CHFA*, Health and Safety Code section 51205, subdivision (f), states: "Notwithstanding any other provision of law, the prevailing party in any action instituted pursuant to this section shall be awarded costs and reasonable attorney's fees, in an amount to be determined in the court's discretion." *CHFA* concluded that the limitations on costs under Code of Procedure section 1033.5 are inapplicable in a CHFA action.

*CHFA* reasons as follows: "The introductory phrase of section 51205(f), '[n]otwithstanding any other provision of law,' qualifies the operative language of the section entitling the prevailing party to recover 'costs and reasonable attorney's fees.' Thus 'any other provision of law' relating to costs, to the extent contrary to or inconsistent with section 51205(f), is subordinated to the latter provision. This would include Code of Civil Procedure section 1033.5, subdivision (b), which specifies items 'not allowable as costs, except when expressly authorized by law.' " (*CHFA, supra*, 37 Cal.App.4th at pp. 1515-1516.)   ■ Government Code section 12965, subdivision (b), contains no similar qualifying phrase that could be construed to displace the general rule of Code of Civil Procedure section 1033.5—including its provision stating that the fees of experts not ordered by the court are "not allowable as costs except when expressly authorized by law."

Also cited by plaintiff is *Brown* v. *Superior Court* (1984) 37 Cal.3d 477 [208 Cal.Rptr. 724, 691 P.2d 272], in which we held that the special venue provisions of Government Code section 12965, subdivision (b), control over the general venue provisions of Code of Civil Procedure section 395,

subdivision (a), when both FEHA and non-FEHA causes of action are alleged. Again, his reliance is misplaced.

The venue provisions at issue in *Brown* are directly in conflict. Thus, Government Code section 12965, subdivision (b), expressly provides that FEHA claims can be brought in the county where the discrimination occurred; Code of Civil Procedure section 395, subdivision (a), requires that the defendant's county of residence was the proper place for trial. The present case does not involve a direct conflict between statutes. FEHA does not expressly provide that "costs" may include the fees of experts not ordered by the court. Nor does it purport to define "costs." Rather, as discussed, Code of Civil Procedure section 1033.5 defines which costs are allowable and which are not; it thus explains, rather than contradicts, Government Code section 12965.

Finally, plaintiff contends that we should allow shifting of the fees of experts not ordered by the court in FEHA actions on policy grounds. He urges that it would increase the likelihood that injured plaintiffs would be "made whole" and, in addition, provide an additional financial incentive for the plaintiffs' bar, which might otherwise be reluctant to pursue such actions on behalf of unemployed clients.

Whatever their merits, such arguments are more appropriately addressed to the Legislature; our task here is confined to statutory construction. It is worth repeating, however, that although the purpose of much civil litigation is to make the injured party "whole," the traditional common law rule is that the parties must bear their own costs. Nor are we persuaded, absent any empirical evidence, that many victims of discrimination will be unable to find competent legal representation if they cannot recover the fees of experts not ordered by the court, in addition to attorney fees, in a FEHA action.[5]

For the foregoing reasons, we conclude that the fees of experts not ordered by the court are not an allowable item of costs in a FEHA action. The trial

---

[5]We do not reach the question whether fees of experts may be recovered in an action for age discrimination brought on a private attorney general theory, to benefit the public, under Code of Civil Procedure section 1021.5. (See *Beasley* v. *Wells Fargo Bank* (1991) 235 Cal.App.3d 1407, 1420-1422 [1 Cal.Rptr.2d 459] [concluding that expert witness fees are a recoverable item of costs in age discrimination actions brought in the public interest].) The present case is not such an action. Nor does it concern a contractual provision for shifting costs of litigation. (See *Bussey* v. *Affleck* (1990) 225 Cal.App.3d 1162, 1164 [275 Cal.Rptr. 646] [Fees of experts could be awarded under a contract providing for an award of " 'all costs and expenses of collection including reasonable attorneys' fees.' "]; but see *Ripley* v. *Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1626-1627 [28 Cal.Rptr.2d 878] [disagreeing with *Bussey* and holding that a general contract provision for recovery of attorney fees and costs must be construed in light of Code of Civil Procedure section 1033.5].) Our present analysis, which involves statutory construction, may not be dispositive in a matter involving

court, which did not order any expert witnesses to testify, erred in shifting the fees of plaintiff's experts to KGO. Accordingly, we affirm the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

The petition of appellant Steve Davis for a rehearing was denied March 25, 1998.

---

the effect of a contractual agreement for shifting litigation costs, which turns on the intentions of the contracting parties.