Filed 5/20/13  Alonzo v. Langridge CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| ROBERT ALONZO et al., | C068767 |
| Plaintiffs and Appellants, | (Super. Ct. No. 76086) |
| v. | |
| JESS E. LANGRIDGE, | |
| Defendant and Respondent. | |

This case arises from a motor vehicle accident in which defendant Jess Langridge collided with plaintiffs Robert and Ashley Alonzo.  The Alonzos rejected Langridge's offer to settle the case, but then recovered less than the amount of the settlement offer. The trial court awarded Langridge his expert witness fees, including the fees of neurologist Floyd Fortuin as charged by the company ExamWorks, which arranged for Dr. Fortuin to serve as an expert witness for Langridge.

The Alonzos appeal from the judgment.  Their sole contention is that the expert witness fees for Dr. Fortuin should be reduced to $400 per hour, the amount he testified was his "normal fee," from the $650 to $750 per hour charged by ExamWorks.  Because

1

we find the trial court did not abuse its discretion in setting the amount of expert witness fees, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Alonzo, accompanied by his wife Ashley, was driving on Highway 49 when he stopped to make a left turn. He was hit from behind by Langridge. The Alonzos sued Langridge for damages. In response to a request for admissions, Langridge admitted that his negligence caused the accident.

About a month before trial, Langridge offered to compromise, pursuant to Code of Civil Procedure section 998 (section 998). He offered Robert $15,000 and Ashley $10,000. The Alonzos did not accept either offer, but Ashley offered to settle for $39,995.

Having learned that the Alonzos had retained an expert witness, Dr. Blaha, Langridge retained Dr. Fortuin to examine both Alonzos. Dr. Fortuin was a board certified neurologist who for 40 years had been a clinical professor of neurology at University of California, San Francisco, School of Medicine. Dr. Fortuin was deposed and his deposition was videotaped for use at trial. In his deposition, Fortuin testified ExamWorks charged $750 per hour for his time, of which he received $400: "That's my normal fee."

After a four-day trial, the jury returned a special verdict on damages. It found Robert had past medical expenses of $4,500 and past noneconomic damages of $2,000, for total damages of $6,500. It found Ashley had past medical expenses of $7,550 and past noneconomic damages of $3,000, for total damages of $10,550. Ashley's medical expenses were reduced to $2,119.75 pursuant to *Hanif v. Housing Authority* (1988) 200

2

Cal.App.3d 635 (*Hanif*), because her medical expenses were paid by Medi-Cal.[1]  After the reduction, both Robert and Ashley recovered less than Langridge's section 998 offer.

Langridge submitted a memorandum of costs pursuant to section 998, subdivision (c)(1), seeking $18,083.78.  The bulk of the costs were for depositions of the various doctors and expert witness fees.

The Alonzos moved to tax costs.  They argued that Dr. Fortuin's fee should be limited to $400 per hour because that was what he testified he charged for his work.  They argued costs should not include the extra fee charged by ExamWorks, an expert witness provider service.  They attached a copy of ExamWorks billing, which showed Dr. Fortuin's time was charged at $750 per hour for depositions and $650 per hour for consultation, examination, record review, and report preparation.[2]

In opposition to this motion to tax costs, Langridge submitted a declaration from his counsel.  In the declaration, counsel explained the decision to retain an expert was made only after the Alonzos designated an expert.  Counsel declared Dr. Fortuin's ordinary and customary expert witness fees were $750 per hour.  He used ExamWorks as an administrator and a litigant cannot retain his services as an expert without arranging it through ExamWorks.  ExamWorks receives $350 per hour for its administrative role and functions.  Counsel declared this was a common practice of many expert witnesses.  Without ExamWorks, Dr. Fortuin would have to hire staff and incur overhead charges which would be added to his hourly rate.  Fortuin's rate of $750 per hour was reasonable; the Alonzos's expert charged $650 per hour and other physicians that counsel had used as experts charged from $700 to $1,000 per hour.

---

[1]  In *Hanif*, this court reduced the trial court's award of past medical expenses in a personal injury action from the amount billed to the amount paid by Medi-Cal.  (*Hanif, supra,* 200 Cal.App.3d at p. 644.)

[2]  The amount Langridge sought as costs for Dr. Fortuin's services is less than the amount ExamWorks billed.

The trial court denied the motion to tax costs. It found the rate of $750 per hour for an expert was reasonable and customary. At the hearing on the motion, the trial court explained that it accepted the statements of Langridge's counsel that without ExamWorks, Dr. Fortuin would have incurred expenses and would have increased his fee. The court found Dr. Fortuin's fee was not unreasonable; the fee was customary for an expert in his area of expertise.

## DISCUSSION

### I

### *Standard of Review*

"We review the trial court's award of costs under section 998 for abuse of discretion. [Citation.] We will reverse the trial court's determination only if we find that 'in light of all the evidence viewed most favorably in support of the trial court, no judge could have reasonably reached a similar result.' [Citation.]" (*Bates v. Presbyterian Intercommunity Hospital, Inc*. (2012) 204 Cal.App.4th 210, 221.) "[T]he trial court, having heard the entire case, is in the best position to evaluate the importance of expert witnesses at trial, and therefore is in the best position to evaluate the reasonableness of the expert witness fees listed in the memorandum of costs. [Citation.]" (*Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1487.)

### II

### *Award of Expert Witness Fees as Costs*

"The 'costs' of a civil action consist of the expenses of litigation, usually excluding attorney fees. Under the common law rule, parties to litigation must bear their own costs. The right to recover any of such costs is determined entirely by statute. 'It is axiomatic that the right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party.' [Citation.]" (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439.)

4

The general statutory rule, subject to exceptions, is that the prevailing party is entitled to costs. "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) One statute that expressly provides otherwise is section 998. If a plaintiff does not accept a defendant's offer to compromise and then fails to secure an award at trial of greater value than the offer, the plaintiff "shall pay the defendant's costs from the time of the offer" and the court may award the defendant "a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . ., or during trial . . ., of the case by the defendant." (Section, § 998, subd. (c)(1).)

The amount of expert witness fees is governed by statute. "The costs for services of expert witnesses for trial under subdivisions (c) and (d) shall not exceed those specified in Section 68092.5 of the Government Code." (Section 998, subd. (h).) Expert witness fees are limited to "the reasonable and customary hourly or daily fee for the actual time" spent by the expert. (Gov. Code, § 68092.5, subd. (a).) "[B]ecause the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized." (*Ladas v. California State Auto. Assn*. (1993) 19 Cal.App.4th 761, 774, italics omitted.)

III

*Analysis*

The Alonzos contend the trial court abused its discretion in awarding as costs the fees for Dr. Fortuin charged by ExamWorks. They contend the $650 to $750 hourly rate charged by ExamWorks was not Dr. Fortuin's customary fee because he testified his "normal fee" was $400 per hour. They argue that because the higher fee was not authorized by statute, the trial court abused its discretion in awarding it. (See *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297 [action that transgresses the confines of the applicable principles of law is an abuse of discretion].)

We disagree with the Alonzos's reasoning because Dr. Fortuin did not testify that $400 per hour was his customary fee as an expert witness. Rather, he testified his fee as an expert witness, through ExamWorks, was $750 per hour, of which he *received* $400. There was no evidence that Fortuin routinely charged only $400 per hour as an expert witness.

The trial court relied on counsel's declaration in awarding Langridge expert witness fees based on the amount charged by ExamWorks for Dr. Fortuin's services. That declaration explained that Dr. Fortuin's services as an expert witness could be procured only through ExamWorks, the use of ExamWorks saved Dr. Fortuin the expense of staff and overhead which would otherwise be added to his fee, and the use of this type of expert witness provider service was common. Further, the declaration provided evidence that the fee for Dr. Fortuin's expert witness services was reasonable. Plaintiffs' expert charged $650 per hour and other physicians charged $700 to $1,000 per hour as expert witnesses. The Alonzos do not dispute this evidence.

The trial court did not abuse its discretion in awarding as costs the fees sought by Langridge for the expert services of Dr. Fortuin.

## DISPOSITION

The judgment is affirmed. Langridge shall recover costs on appeal. (Cal. Rules of Court, rule 278(a)(1) and (2).)

                                                      DUARTE                 , J.

We concur:

         ROBIE                 , Acting P. J.

         MURRAY            , J.