Filed 1/9/23 Jones v. Reekes CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD JONES et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>CONNIE REEKES,<br><br>    Defendant and Respondent. | F082866<br><br>(Super. Ct. No. BCV-20-102526)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County. David R. Lampe, Judge.

Parker Mills, David B. Parker, Steven S. Wang, Justin D. Denlinger, and Bradley W. Jacks for Plaintiffs and Appellants.

Ganong Law and Philip W. Ganong for Defendant and Respondent.

-ooOoo-

Appellants Richard Jones, Preferred Towing Service, LLC, and Fast Response Security, Inc. challenge the trial court's award of attorney fees and costs following dismissal of their case filed against respondent Connie Reekes. For the reasons set forth

---

[*] Before Peña, Acting P. J., Snauffer, J. and De Santos, J.

below, we affirm the attorney fees award but reverse and remand for the trial court to reduce the costs awarded.

## FACTUAL AND PROCEDURAL BACKGROUND

The attorney fees and costs award appealed in this matter follow from a litigation between the parties over certain Facebook posts respondent made about appellants that was dismissed following an anti-SLAPP motion brought pursuant to Code of Civil Procedure section 425.16.[1]  In a separate appeal, this court affirmed the dismissal of those claims under the anti-SLAPP statute.  Additional background on the underlying case can be found in our nonpublished opinion (*Jones v. Reekes* (Feb. 28, 2022, F082499)), which we incorporate by reference herein.[2]

Following dismissal, respondent sought attorney fees and costs pursuant to the anti-SLAPP statue.  Respondent's initial motion sought $16,900 in attorney fees and $414.86 in costs and was supported by declarations and billing records from the case. Respondent identified a reasonable rate of $300 per hour for attorney work and $50 per hour for secretarial work.  The supporting bills included 54.15 hours of attorney time and 5.6 hours of secretarial time.  In counsel's declaration, explanations were provided for why some work that would normally be done by a secretary had to be done by counsel due to emergency circumstances.  The costs consisted of $250 for expert consultation fees, $35.04 for filing fees, $90 for transcript fees, $39.32 for copier charges, and $0.50 for postage.  In reply, the attorney fees request was increased to $19,900 to include work done on the fee motion itself, which accounted for a request of 10 additional hours for the reply brief and argument.  In addition to this, respondent requested the court apply a

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    One of appellants' arguments in this case is that the fee and cost award would be improper if this court reversed the dismissal under the anti-SLAPP statute in case No. F082499.  As this court affirmed that order, appellants' argument is now moot.

2.

multiplier of 1.5 to the final fee request based on the urgency of the matter and the reduced fee rate actually charged.

Appellants opposed portions of the attorney fees requested, the majority of the costs, and the multiplier. On fees, appellants argued the issues were relatively simple and the law relatively settled. Appellants argued that 54.15 hours of attorney time and 5.6 hours of secretarial time for attorney work on the primary motion was thus unreasonable and requested a reduction of roughly half for certain tasks, with a total reduction request of roughly $4,920. Appellants identified several specific tasks, including reviewing pleadings, spending 16 hours on drafting the anti-SLAPP motion, and addressing emails, that they claimed were unreasonable. On costs, appellants argued all but the filing fees were specifically excluded under section 1033.5.

The trial court held a hearing on the motion, where counsel were present and argued. The court ultimately granted respondent's motion and stated in its order, "The amounts requested in [respondent's] motion and reply are reasonable and [appellants] fail[] to persuade the Court otherwise. Accordingly, the Court awards, [respondent] $19,900 in fees and $414.86 in costs. The court declines to apply the multiplier requested by [respondent.]"

This appeal timely followed.

## DISCUSSION

Appellants argue the award of attorney fees should be reduced as unreasonable and excessive and that the costs are specifically excluded by the relevant statutes. We do not agree the fees are excessive but do agree the challenged costs were improperly awarded.

### *Standards of Review and Applicable Law*

The calculation of attorney fees to award is well within a trial court's discretion and is therefore reviewed deferentially for an abuse of that discretion. (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.) However, the exercise of that discretion must

3.

be based on a proper application of the lodestar method, both in determining the lodestar figure and analyzing factors relevant to adjustments. (*Id.* at pp. 1239–1240; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1136 ["Here, because the anti-SLAPP provisions refer to attorney fees and costs without indicating any restrictions on how they are to be calculated, we accordingly presume that the Legislature intended courts use the prevailing lodestar adjustment method."].) Awards that apply the wrong standard, and thereby transgress the confines of the applicable principles of law, are necessarily outside the scope of the court's discretion. (*Nichols*, at p. 1239.)

The lodestar amount is generally calculated "by deciding 'the reasonable hours spent' on the case and multiplying that number by 'the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type.' " (*Nichols v. City of Taft*, *supra*, 155 Cal.App.4th at p. 1240.) This figure may then be adjusted as necessary based on factors including " '(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award.' " (*Ibid.*) While the court need not make adjustments from the lodestar, in " 'each case, the trial court should consider whether, and to what extent, the attorney and client have been able to mitigate the risk of nonpayment, e.g., because the client has agreed to pay some portion of the lodestar amount regardless of outcome.' " (*Id.* at p. 1241.)

We review a trial court's decision to tax or strike costs for an abuse of discretion. However, "because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.) To the extent the court's authority turns upon interpreting the authorizing statutes, such interpretation is a question of law reviewed de novo. (See *Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1452.)

## *The Attorney Fees Award Was Not An Abuse of Discretion*

In their primary attack on the award of attorney fees in this case, appellants argue that respondent's attorney fees incurred in litigating the anti-SLAPP motion were unreasonable and excessive. Appellants focus on an assertion that the motion was relatively easy and thus did not warrant the 54.15 and 5.6 hours that respondent's counsel and his staff spent for the initial motion and the 68.75 hours for the entirety of the request. Appellants then identify a set of fees they claim are "unreasonable, excessive, and/or unrecoverable," including allegations of unnecessary work reviewing special motions to strike from a different case, excessive hours researching and drafting motions, and work appellants call secretarial. Notably, the issues raised in this appeal were also raised with the trial court in a virtually identical manner. The trial court reviewed these same arguments and held the "amounts requested in [respondent's] motion and reply are reasonable and [appellants] fail[] to persuade the Court otherwise."

Upon review, we see no abuse of discretion in the court's order. The court was presented with a request to apply a lodestar calculation supported by substantial documentation from counsel and subjected to a direct challenge on the time spent on tasks relevant to the motion. The matter was argued, and the trial court rejected positions from both sides, concluding the submitted hours were reasonable but declining to apply respondent's requested multiplier. We have no reason to doubt that the superior court conducted an independent assessment of the evidence presented. (See *Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1140 [noting all intendments and presumptions are indulged to support the judgment on matters as to which the record is silent].)

Nor do appellants' specific complaints about the attorney fees requested show an abuse of discretion. First, the court's analysis is not one awarding specifically those fees requested. As an application of the lodestar method, the court determined that the total hours requested and the hourly rate were reasonable under the circumstances, not that each individual fee entry was warranted. Second, although appellants heavily attack the

5.

amount of time respondent spent on certain tasks, the figures are not so outlandish as to constitute excess as a matter of law. The trial court was in the best place to judge the reasonableness of the fees and, as noted, we see no abuse of discretion in determining this amount of work was reasonable. Third, while appellants identify certain fees they claim are related to secretarial tasks, such tasks are in fact recoverable in proper circumstances. (*City of Oakland v. McCullough* (1996) 46 Cal.App.4th 1, 7.) Respondent provided declarations explaining why such work was necessary and, in some instances, why it was provided by an attorney rather than a secretary. The trial court could thus act within its discretion in awarding fees covering such tasks.

### *Costs Must Be Authorized By Section 1033.5*

Appellants challenge to the costs awarded in this case focuses on costs awarded by the trial court that are specifically excluded by section 1033.5. These costs total $379.84 and include costs for an expert consultation, transcripts, copier charges, and postage. Respondent does not dispute that these costs are excluded by section 1033.5 but contends costs authorized by the fee-shifting provisions of the anti-SLAPP statute (§ 425.16.) are not limited by section 1033.5. We do not agree with respondent.

Respondent provides no law expressly holding that cost awards under section 425.16 are excluded from the restrictions imposed by section 1033.5. To the contrary, several courts have recognized that section 1033.5 expressly applies to all statutes awarding attorney fees and costs, including the anti-SLAPP statutes, or applied section 1033.5 to anti-SLAPP cost requests. (See *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 137 ["As a general rule, the prevailing party may recover certain statutory costs incurred in the litigation up to and including entry of judgment. (§§ 1032, 1033.5.) These costs may include attorney fees, if authorized by contract, statute (such as the anti-SLAPP statute) or law. (§ 1033.5, subd. (a)(10).)"]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1433 ["Subdivisions (a)(10)(B) and (c)(5) of section 1033.5 together provide that attorney fees, when authorized under 'any'

6.

California statute that 'refers to the award of "costs and attorney's fees" 'are recoverable under section 1032 as 'an item and component of the costs .…' Here, Zimmerman was awarded reasonable attorney fees and costs under subdivision (c) of section 425.16, the first sentence of which refers to 'attorney's fees and costs.' "].)

We see no reason to depart from the plain language of section 1033.5, subdivision (c)(5), as understood and applied by our sister courts, which provides that a statute awarding fees and costs is generally governed by section 1033.5 such that the attorney fees awarded are categorized as costs under subdivision (a)(10)(B). We further find this analysis consistent with our Supreme Court's analysis in *Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 443–444, disapproved and superseded by statute on other grounds as stated in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 105–107 and footnote 1, where the court found that section 1033.5 gives a more precise meaning to the term "costs" in existing fee-shifting statutes.

Accordingly, we agree with appellant that the identified costs excluded under section 1033.5 are not authorized, and therefore their award constitutes an abuse of discretion.

## DISPOSITION

The judgment is affirmed with respect to the attorney fees awarded but reversed with respect to the award of costs. The matter is remanded to the trial court with instructions to enter a new order reducing the costs awarded by $379.84. The parties shall bear their own costs on appeal.