[No. A045162. First Dist., Div. Four. Nov. 30, 1990.]

FRED BUSSEY, Plaintiff and Appellant, v.
JAMES AFFLECK et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of sections I and IIA.

COUNSEL

Eskanos & Adler and Barry Adler for Plaintiff and Appellant.

Diepenbrock, Wulff, Plant & Hannegan, Robert R. Wulff and Charity Kenyon for Defendants and Appellants.

OPINION

**PERLEY, J.**—Defendants appeal from the judgment against them for the balance due on a promissory note. In the unpublished portion of this opinion, we conclude that the trial court properly rejected defendants' claim of usury and therefore affirm the judgment. Plaintiffs appeal from the post-judgment order for attorney's fees and costs, which made virtually no allowance for any of the disbursements of plaintiffs' counsel in connection with the case. In the published portion of this opinion, we hold that such disbursements are allowable as attorney's fees to the prevailing party on a contract providing for payment of attorney's fees and costs, if they

represent expenses ordinarily billed to a client and are not included in the overhead component of counsel's hourly rate. Accordingly, we reverse the postjudgment order in part and remand for a new determination of plaintiffs' attorney's fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND ON USURY ISSUE*

. . . . . . . . . . . . . . . . . . . . . . . .

## II. DISCUSSION

### A. Usury*

. . . . . . . . . . . . . . . . . . . . . . .

### B. Attorney's Fees

Plaintiffs appeal from the postjudgment order fixing their attorney's fees and costs, contending that the trial court erred when it declined to award all but $200 of the $11,103.41 disbursed by their counsel in connection with the case. The largest disallowed expense items were expert witness's fees of $8,283, and photocopying charges of $1,751.20. Other disallowed expenses included: messenger and express mail charges; telephone bills; travel expenses for mileage, tolls and parking; fees for research on the usury law by a legislative intent service; the filing fee and "supplies" for a petition for writ of mandate; and a lunch.

Plaintiffs claimed these expenses as "attorney fees" under Code of Civil Procedure section 1033.5 (hereinafter section 1033.5), subdivision (a)(10), based on defendants' agreement under the note "to pay all costs and expenses of collection including reasonable attorneys' fees." Civil Code section 1717 states that attorney's fees payable under the terms of a contract "shall be an element of the costs of suit." Such fees are therefore "authorized by statute" within the meaning of section 1033.5, subdivision (a)(10) and may be claimed as costs by the party who prevails on the contract. (See § 1033.5, subd. (c)(5); *Wong* v. *Davidian* (1988) 206 Cal.App.3d 264, 271 [253 Cal.Rptr. 675]; *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 231-232 227 [136 Cal.Rptr. 549]; and see generally Pearl, Cal. Attorney's Fees Award Practice (Cont.Ed.Bar Supp. 1990) § 1.3, p. 3.)

In its memorandum of decision on attorney's fees and costs, the trial court "disallow[ed] the 'disbursements' as set forth in Defendant's

---

* See footnote, *ante*, page 1162.

memorandum except that the Court will allow $200 as an arbitrary amount for reasonable photocopying and for presentation to the Court at trial." The reference to "Defendant's memorandum" suggests that the court was persuaded by defendants' memorandum of points and authorities in opposition to plaintiffs' motion to fix attorney's fees. In this memorandum, defendants itemized the disbursements and objected to their allowance based on the language of section 1033.5.

Section 1033.5 provides in relevant part: "(a) The following items are allowable as costs under Section 1032 [defining "prevailing parties" and indicating that they are entitled to recover costs]: . . . [¶] (10) Attorney fees authorized by statute . . . . [¶] (b) The following items are not allowable as costs, except when expressly authorized by law: [¶] (1) Fees of experts not ordered by the court . . . . [¶] (3) Postage, telephone, and photocopying charges, except for exhibits . . . . [¶] (c) Any award of costs shall be subject to the following: . . . [¶] (2) Allowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation . . . . [¶] (4) Items not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion . . . ."

Defendants asserted that counsel's disbursements were "simply not recoverable pursuant to [section 1033.5]." They objected to travel expenses, lunches and supplies on the ground that these items are not listed as allowable costs in section 1033.5, subdivision (a). They argued that expert witness's fees, postage, telephone and photocopying charges could not be awarded under subdivisions (b)(1) and (b)(3). They also submitted that the messenger and express mail charges were not "reasonably necessary" within the meaning of subdivision (c)(2).

■ "An award of attorney fees is a matter within the sound discretion of the trial court and absent a manifest abuse of discretion the determination of the trial court will not be disturbed." (*Erich* v. *Granoff* (1980) 109 Cal.App.3d 920, 931 [167 Cal.Rptr. 538].) In this case, however, the court evidently determined that counsel's disbursements could not be awarded as a matter of law,[8] and we may independently assess that legal conclusion.

---

[8] This inference is based on disallowance of virtually all of the disbursements. Although the judge may perhaps have passed on the "reasonable necessity" of the minor expenditures for messenger services and express mail, he apparently concluded that the major expense items could not be allowed under section 1033.5, subdivision (b). This is apparent from the memorandum of decision's reference to photocopy expenses only for "presentation to the Court at trial," and from the transcript of the fee hearing, where the court asked plaintiffs' counsel, with respect to the expert witness's fees, how he could "avoid 1033.5 by simply saying that's a fee, not a cost?"

(See, e.g., *Braude* v. *Automobile Club of Southern Cal.* (1986) 178 Cal.App.3d 994, 1013-1014 [223 Cal.Rptr. 914] reversing where trial court denied attorney's fees on incorrect legal theory]; and cf. *Eddy* v. *Temkin* (1985) 167 Cal.App.3d 1115, 1121 [213 Cal.Rptr. 597] [remanding where trial court "vested with discretion . . . decline[d] to exercise that discretion"].)

██ We conclude that where a contract provides for payment of costs and attorney's fees, the court may allow disbursements of counsel as attorney fees under section 1033.5, subdivision (a)(10), if they represent expenses ordinarily billed to a client and are not included in the overhead component of counsel's hourly rate. An agreement for attorney's fees and costs would be less than effectual if it could not cover the actual costs of litigation, including disbursements of counsel, and a contrary conclusion would mean that the party prevailing on the contract could never be made whole.

Considerations supporting allowance of counsel's out-of-pocket costs are underscored in opinions of the federal courts, where there is ample precedent for including such costs in attorney's fees awards (see Pearl, Cal. Attorney's Fees Award Practice, *supra*, § 5.16, p. 111). "[A]ttorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation . . . . [E]xpenses such as supplemental secretarial costs, copying, telephone costs and necessary travel, are integrally related to the work of an attorney and the services for which outlays are made may play a significant role in the ultimate success of litigation . . . ." (*Dowdell* v. *City of Apoka, Florida* (11th Cir. 1983) 698 F.2d 1181, 1190, fn. omitted.) A passage from *Henry* v. *Webermeier* (7th Cir. 1984) 738 F.2d 188, 192, about the intentions of Congress in providing for attorney's fees in civil rights cases applies equally to private parties who contract for payment of those fees: ". . . the line between fees and expenses is arbitrary . . . . It is impossible to believe that Congress would have wanted prevailing parties to get back their lawyers' local telephone expenses (invariably included in the hourly fee) but not their long-distance expenses (invariably billed separately); or to get back their secretarial expenses—which are included in overhead and therefore billed as part of the lawyer's hourly rate rather than separately—but not the expenses of word processing, often billed separately to the client." The following observations are also pertinent to the major expense item in our case: "The fees and costs of expert witnesses hired in a case are not normally absorbed as overhead in private firm litigation. Even if a firm advances such costs in a contingent fee case, reimbursement from the client's recovery in addition to the attorney's contingent fee is usually expected." (*Ramos* v. *Lamm* (10th Cir. 1983) 713 F.2d 546, 559.)

The provisions of section 1033.5 do not dictate a contrary result. Insofar as counsel's disbursements are for expenses not included in the list of allowable costs in section 1033.5, subdivision (a), the court has discretion to award them under section 1033.5, subdivision (c)(4). (See *Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282, 293 [261 Cal.Rptr. 605] [§ 1033.5, subd. (c) grants "discretion to award an item of cost not specifically disallowed"].) Insofar as the disbursements are for costs that are not allowable under section 1033.5, subdivision (b), unless "expressly authorized by law," the requisite authority is found in the statutes that authorize contracting parties to stipulate for the payment of attorney's fees and costs. (See Code Civ. Proc., § 1021 [leaving "the measure and mode of compensation of attorneys" to "the agreement, express or implied, of the parties"]; Civ. Code, § 1717 [prevailing party on contract providing for attorney's fees and costs entitled to reasonable attorney's fees "in addition to other costs"]; and cf. *Ecco-Phoenix Electric Corp.* v. *Howard J. White, Inc.* (1969) 1 Cal.3d 266, 274 [81 Cal.Rptr. 849, 461 P.2d 33] [cost award to be governed by prevailing party statute where contract provision was "inapplicable"].)[9]

The trial court, of course, may disallow any disbursements of counsel that are not "reasonably necessary" to the conduct of the litigation (§ 1033.5, subd. (c)(2)), but there can be little dispute about the propriety of the outlay for expert witness's fees in this case. Although the trial judge did not expressly order the parties to present expert testimony, he openly "invited" such testimony and suggested on at least five separate occasions prior to trial that such testimony would be helpful in connection with calculations under the note.

## III.   DISPOSITION

The judgment for plaintiffs on the note is affirmed. The postjudgment order for attorney's fees and costs is reversed insofar as it disallows the disbursements of plaintiffs' counsel, and the case is remanded for a redetermination of those costs in light of this opinion. Plaintiffs are entitled to

[9] When Civil Code section 1717 was amended in 1987, language at the end of the first paragraph of subdivision (a), indicating that a party prevailing on a contract with an attorney's fees clause is entitled to reasonable attorney's fees "in addition to costs *and necessary disbursements,*" was amended to read simply "in addition to *other* costs." (Stats. 1987, ch. 1080, § 1 [italics supplied to words deleted and added].) We have found nothing in the legislative history of the amendment suggesting that this change was intended to preclude allowance of disbursements in an attorney's fee award. If the Legislature had determined that agreements to shift certain types of litigation expenses were contrary to public policy, then presumably it would have said so less obliquely.

attorney's fees and costs on appeal in an amount to be fixed by the trial court.

Anderson, P. J., and Reardon, J., concurred.