[No. C017619. Third Dist. Aug. 28, 1995.]

CALIFORNIA HOUSING FINANCE AGENCY, Plaintiff, Cross-defendant and Respondent, v.
E.R. FAIRWAY ASSOCIATES I et al., Defendants, Cross-complainants and Appellants.

## COUNSEL

Greve, Clifford, Wengel & Paras, Edward T. Clifford, William L. Baker and Craig L. Scott for Plaintiff, Cross-defendant and Respondent.

Howard J. Stagg IV for Defendants, Cross-complainants and Appellants.

## OPINION

PUGLIA, P. J.—E.R. Fairway Associates I et al. (collectively defendant) appeal from a postjudgment order awarding plaintiff California Housing Finance Agency (CHFA) attorney fees and costs totaling $243,808.68. In awarding attorney fees the trial court concluded: (1) CHFA was the prevailing party in the action for breach of contract (Civ. Code, § 1717); and (2)

various agreements, some of which contain an attorney fee provision i.e., a promissory note and deed of trust, and some which do not i.e., a regulatory agreement and a management contract, are, properly construed, parts of substantially one transaction within the meaning of Civil Code section 1642 to be considered together, and thus an award of attorney fees is authorized under the attorney fee provisions in the note and deed of trust even though the agreements actually sued upon contain no provision for attorney fees.[1]

On appeal, defendant contends the trial court erred in its interpretation and application to these facts of Civil Code section 1642. Defendant also contends the award of attorney fees is excessive. Finally, defendant contends the trial court erred in denying its motion to tax certain costs claimed by CHFA, arguing such costs are not allowable by statute. We shall affirm.

We summarize the relevant facts as set forth in the trial court's statement of decision. CHFA is the primary agency responsible for the implementation of California's housing policy, providing financing for the construction, rehabilitation and purchase of housing for persons and families of lower or moderate income. (Health & Saf. Code, §§ 50900, 50950-50952, 51050, 51150.) In 1979, CHFA loaned money to Fairway Village Company (Fairway) for the construction and permanent financing of a 44-unit apartment complex (the Project). The loan was evidenced by a promissory note to CHFA secured by a deed of trust encumbering the Project. Fairway also entered into a regulatory agreement with CHFA. (Health & Saf. Code, § 51102.) The regulatory agreement required that the Project be maintained as low or moderate income rental property through the term of the loan and limited Fairway's profit to 6 percent of the initial equity invested in the Project. Funds generated by the Project in excess of allowable profits must be remitted to CHFA. (Health & Saf. Code, § 51206.)

The Project was sold to defendant in December 1985. As a condition of CHFA's approval of the sale, defendant executed a release and assumption agreement and an addendum to the regulatory agreement. The assumption agreement bound defendant to the terms and conditions of the note, deed of trust and regulatory agreement to the same extent "as if [defendant] had been an original party [thereto]." Defendant also entered into a management contract that permitted defendant to manage the Project through an entity called Equity Research (Equity).

Following defendant's purchase of the Project, CHFA discovered defendant was diverting Project funds for its own use, making unauthorized loans

---

[1]Civil Code section 1642 provides: "Several contracts relating to the same matters, between the same parties, and made parts of substantially one transaction, are to be taken together."

to related entities and soliciting illegal kickbacks. CHFA sought to remedy these problems by demanding defendant remove Equity as the Project manager. When defendant refused, CHFA brought an action to enforce compliance with the regulatory agreement and management contract.

Following a month-long trial, the trial court entered judgment as follows: "As to [CHFA's] cause of action for an accounting, judgment shall be entered in favor of [CHFA] and against [defendant] in the amount of $267,683.00. The amount of $74,575.00 is to be paid to the [P]roject's Earned Surplus Account from the Reserve for Replacement Account. [Defendant is] to reimburse the [P]roject Earned Surplus Account in the amount of $82,012.00 and [defendant] shall then remit to CHFA the said amount of $267,683.00 from the Earned Surplus Account. [¶] [T]he court grants [CHFA's] request for specific performance, removing [Equity] as manager of the [P]roject forthwith . . . ."

CHFA moved for attorney fees and costs. The motion was grounded on two propositions: (1) the note and deed of trust, each of which contain a prevailing party attorney fee provision (see Civ. Code, § 1717), incorporate by reference the regulatory agreement and management contract upon which CHFA sued; and (2) all of the agreements, properly construed, are part of substantially one transaction within the meaning of Civil Code section 1642. Defendant resisted the motion on the grounds none of the agreements actually sued upon contains an attorney fee clause.

The trial court awarded CHFA attorney fees totaling $200,000. The court also denied defendant's motion to tax costs and awarded CHFA costs totaling $43,808.68. Although the trial court recognized some of the claimed costs were not "specifically permitted in a cost bill" under Code of Civil Procedure section 1033.5, the court, relying on *Bussey* v. *Affleck* (1990) 225 Cal.App.3d 1162 [275 Cal.Rptr. 646], concluded it was vested with discretion to award such costs.

I

We deal first with defendant's contention CHFA was not entitled to attorney fees because the agreements sued upon—the regulatory agreement, the addendum thereto and the management contract—contain no provision for attorney fees. As we explain, we need not resolve this contention.

While the action was pending in the trial court, the Legislature amended Health and Safety Code section 51205 to provide for an award of attorney fees and costs to the prevailing party in an action to enforce the terms of *any* contract between CHFA and a housing sponsor.

Health and Safety Code section 51205, effective January 1, 1994 (Stats. 1993, ch. 649, § 1), states in pertinent part:

"(a) The agency may institute any action or proceeding pursuant to applicable provisions of law against any housing sponsor receiving or assuming a loan under this part in any court of competent jurisdiction in order to enforce this part or the terms and provisions of *any* contract between the agency and the housing sponsor, to foreclose its mortgage, or to otherwise protect the public interest or the occupants of the housing development. . . .

". . . . . . . . . . . . . . . . . . . . . . . .

"(f) Notwithstanding any other provision of law, the prevailing party in any action instituted pursuant to this section shall be awarded costs and reasonable attorney's fees, in an amount to be determined in the court's discretion." (Italics added.)

On appeal defendant argues Health and Safety Code section 51205 applies to actions to foreclose on a deed of trust and this is not such an action. This contention is plainly belied by the express language of the section, which states it applies in an action or proceeding by CHFA against a housing sponsor to enforce *any* contract, to foreclose a mortgage, or otherwise to protect the public interest.

Defendant next argues that because Health and Safety Code section 51205, subdivision (f) is silent with regard to retroactivity, it should be applied only prospectively. (See generally, *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159].)

It has been authoritatively held (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]) that a new statute authorizing an award of attorney fees applies to actions not yet final at the time the statute becomes effective. (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 931 [154 Cal.Rptr. 503, 593 P.2d 200]; see also *Bradley* v. *Richmond School Board* (1974) 416 U.S. 696 [40 L.Ed.2d 476, 94 S.Ct. 2006]; *Stockton Theatres, Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 477 [304 P.2d 7]; *Harbor View Hills Community Assn.* v. *Torley* (1992) 5 Cal.App.4th 343, 349 [7 Cal.Rptr.2d 96]; *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal.App.3d 951, 959 [144 Cal.Rptr. 585]; *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 922-923 [102 Cal.Rptr. 248].)

We next consider defendant's contention the award of $200,000 in attorney fees is excessive in comparison to the judgment and thus an abuse of

discretion. Defendant argues the judgment in its net effect was "in the range of $80,000.00[.]" This argument ignores the trial court's ruling that defendant owed CHFA an earned surplus of $267,683. As we read the statement of decision, $156,587 of this amount represented improper expenditures and misappropriated funds. Viewed in this perspective and given the length of the litigation and the fact the trial consumed approximately one month, we cannot say $200,000 for attorney fees is excessive.

The fact that an award of attorney fees exceeds the net amount of the judgment does not alone constitute an abuse of discretion. In *Boyd* v. *Oscar Fisher Co.* (1989) 210 Cal.App.3d 368 [258 Cal.Rptr. 473], an unsuccessful plaintiff argued an award of $38,730 in attorney fees was unreasonable in comparison to the defendant's net recovery on a cross-complaint of $21,699. In rejecting this claim, the *Boyd* court reasoned that " '[w]hile the amount of money involved in litigation is an important factor in determining an award of attorney's fees, [plaintiff] cites no authority for the proposition it is a controlling factor. It is not necessarily related to such other factors as the amount of time spent on the case, the complexity of the litigation, the skill and effort required of the attorneys . . . .' " (At p. 381.) Based upon such other factors, the *Boyd* court concluded the trial court did not abuse its discretion in awarding attorney fees that exceeded the amount of damages awarded. (*Ibid.*)

II

Defendant contends the trial court erred in denying its motion to tax costs. Defendant argues certain costs sought by CHFA and awarded by the trial court—e.g., fees of expert witnesses not ordered by the court—are not allowable by statute. (Code Civ. Proc., § 1033.5, subd. (b)(1).) The trial court relied on *Bussey* v. *Affleck, supra,* in concluding certain costs specifically disallowed by Code of Civil Procedure section 1033.5, subdivision (b) are nonetheless recoverable as attorney fees under the terms of a contract allowing for attorney fees and costs to the prevailing party. (225 Cal.App.3d at pp. 1166-1167.)

In *Ripley* v. *Pappadopoulos* (1994) 23 Cal.App.4th 1616 [28 Cal.Rptr.2d 878] this court disagreed with *Bussey,* concluding nonstatutory costs are not recoverable merely because the language contained in the contract provides for the recovery of attorney fees and costs: "In *Bussey* the court attempted to avoid the statutory prohibition against the inclusion of expert witness fees in a cost award by equating expert witness fees and other nonallowable costs of litigation with attorney fees and by concluding that such costs may be

included in an award of contractual attorney fees. We cannot adhere to that approach." (At pp. 1625-1626.) *Ripley* stands for the proposition that a general provision in a contract for the recovery of attorney fees and costs is to be construed in the light of Code of Civil Procedure section 1033.5 which specifies those costs that are and are not recoverable. (23 Cal.App.4th at pp. 1626-1627 and fn. 18.) Accordingly, *Bussey* is not authority in this appellate district for awarding costs which are not allowable under statute. However, this conclusion is not dispositive of the issue before us.

CHFA argues *Ripley* does not control here because Health and Safety Code section 51205, subdivision (f), authorizes a trial court to award the prevailing party all reasonably incurred costs, including costs not otherwise allowable under Code of Civil Procedure section 1033.5, subdivision (b). Faithful to our obligation to give effect to a statute in accord with its plain meaning, we agree with CHFA.

Health and Safety Code section 51205, subdivision (f) (hereafter section 51205(f)), states: "*Notwithstanding any other provision of law,* the prevailing party in any action instituted pursuant to this section shall be awarded costs and reasonable attorney's fees, *in an amount to be determined in the court's discretion.*" (Italics added.) We acknowledge that in enacting this provision, the Legislature may have intended no more than to enable the prevailing party in an action between CHFA and a housing sponsor to recover attorney fees, even though, as here, the agreement actually sued upon contains no prevailing party attorney fees provision. However, if we were so to construe the statute we would render superfluous the introductory language of section 51205(f) as it relates to an award of costs.

"[T]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) "In determining this intent, courts look first to the words contained in the statute, giving them their usual and ordinary meaning." (*People* v. *Hull* (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) " '[E]ffect must be given, if possible, to every word, clause and sentence of a statute.' " (2A Sutherland, Statutory Construction (5th ed. 1992) § 46.06, p. 119.)

The introductory phrase of section 51205(f), "[n]otwithstanding any other provision of law," qualifies the operative language of the section entitling the prevailing party to recover "costs and reasonable attorney's fees." Thus "any other provision of law" relating to costs, to the extent contrary to or

inconsistent with section 51205(f), is subordinated to the latter provision. This would include Code of Civil Procedure section 1033.5, subdivision (b) which specifies items "not allowable as costs, except when expressly authorized by law." This analysis is buttressed by the final clause of section 51205(f) which allows costs "in an amount to be determined in the court's discretion." Ordinarily, the prevailing party is entitled "as a matter of right" to those costs which are allowed by statute. (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a).) The express language of section 51205(f) that costs be awarded "in an amount to be determined in the court's discretion" strongly implies that the limitations on cost awards set forth in Code of Civil Procedure section 1033.5, subdivision (b) do not apply in an action between CHFA and a housing sponsor.

We hold the Legislature intended to vest discretion in the trial court to determine which costs are to be allowed the prevailing party in an action on a housing contract. We are bound by that legislative judgment. (*City of Santa Cruz* v. *Muncipal Court* (1989) 49 Cal.3d 74, 90 [260 Cal.Rptr. 520, 776 P.2d 222].)

The order is affirmed. CHFA is awarded costs and reasonable attorney fees on appeal.

Sparks, J., and Raye, J., concurred.