[No. C035179. Third Dist. Apr. 9, 2002.]

CARWASH OF AMERICA-PO LLC, Plaintiff and Respondent, v. WINDSWEPT VENTURES NO. I, LLC, et al., Defendants and Appellants.

**COUNSEL**

Porter, Scott, Weiberg & Delehant, Carl J. Calnero, Shane Singh, Robin E. Weideman; Walsworth, Franklin, Bevins & McCall and Jeffrey P. Walsworth for Defendants and Appellants.

Patrick C. Kerwin and Kyle G. Bach for Plaintiff and Respondent.

**OPINION**

**HULL, J.**—Where judgment is entered for the plaintiff on a claim for breach of contract, and the contract contains a provision permitting the prevailing party to recover expert witness fees, such fees may not be awarded as an item of costs but must be pleaded and proven separately.

(*Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1627 [28 Cal.Rptr.2d 878].) In this matter, we conclude the same rule applies to a prevailing defendant.

After obtaining summary judgment on plaintiff's breach of contract claims, defendants sought reimbursement for expert witness fees incurred in connection with the litigation. Defendants argued that such fees are an element of attorney fees and costs recoverable under the terms of the parties' contract. The trial court disagreed and denied the request. We affirm the judgment (order).

### FACTS AND PROCEDURAL HISTORY

The facts of this matter may be stated briefly. Plaintiff, Carwash of America-PO LLC, contracted with defendants, Windswept Ventures No. I, LLC, and Windswept Ventures No. II, LLC, for the purchase of two car washes. Among other things, the agreement provided: "In the event any dispute between Buyer and Seller should result in litigation, the prevailing party shall be reimbursed for all reasonable costs incurred in connection with such litigation, including, without limitation, reasonable attorneys' fees."

A dispute arose over the price to be paid for the car washes, and defendants refused to complete the contract. Plaintiff sued for specific performance and declaratory relief. The trial court entered summary judgment for defendants, concluding the evidence did not support plaintiff's interpretation of the price term in the agreement.

Defendants submitted a memorandum of costs and moved for an order declaring them the prevailing party and awarding attorney fees in the amount of $218,475.80, including $73,144.50 in expert witnesses fees. Plaintiff filed a motion to tax costs and points and authorities in opposition to defendants' motion for attorney fees. The trial court granted the motion in part, awarding attorney fees in the amount of $185,201.30. The court denied the request for expert witness fees.

Plaintiff appealed the underlying judgment and award of attorney fees. In an unpublished opinion, we affirmed the judgment. Defendants filed the instant appeal seeking to overturn the court's order denying expert witness fees.

### DISCUSSION

■ "As a general rule the parties to litigation are required to finance their own participation in the litigation." (*Ripley v. Pappadopoulos, supra,* 23

Cal.App.4th at p. 1622 (*Ripley*).) However, "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b); further undesignated section references are to the Code of Civil Procedure.) Section 1033.5, subdivision (a), lists the items that may be recovered as costs by a prevailing party, including "[f]ees of expert witnesses ordered by the court" (§ 1033.5, subd. (a)(8)), and attorney fees when authorized by contract, law or statute (§ 1033.5, subd. (a)(10)(A) & (C)). Section 1033.5, subdivision (b), lists items that may not be recovered as costs unless authorized by law. Included are "[f]ees of experts not ordered by the court." (§ 1033.5, subd. (b)(1).)

In *Bussey v. Affleck* (1990) 225 Cal.App.3d 1162 [275 Cal.Rptr. 646] (*Bussey*), the trial court refused to allow recovery of expert witness fees to a prevailing plaintiff, and the Court of Appeal reversed. The court concluded that, where a contract between the parties provides for the payment of costs and attorney fees, expenses of experts paid by counsel may be recovered as attorney fees if they represent an expense ordinarily billed to a client rather than an overhead component of the attorney's hourly rate. (*Id.* at p. 1166.) The court reasoned that such expenses are not precluded by section 1033.5, subdivision (b)(1), because they are authorized by law, namely, section 1021 and Civil Code section 1717, which permit recovery of attorney fees where authorized by contract. (*Bussey*, at p. 1167.)

■ In *Ripley*, *supra*, 23 Cal.App.4th 1616, this court disagreed with the reasoning and conclusion of *Bussey*. First, we noted that the express provisions of section 1033.5 do not allow for recovery of expert witness expenses as costs, except where the expert was ordered by the court. (*Ripley*, at p. 1624.) We further noted there are various circumstances where the Legislature has provided for the losing party to reimburse the other for expert witness fees. (*Ibid.*) We explained: "When the numerous statutory provisions in which expert witness fees are expressly declared recoverable are considered together with the express prohibition against the inclusion of such fees in a cost award otherwise, the Legislature's intent becomes clear." (*Id.* at p. 1625.) Regarding *Bussey*, we stated: "In *Bussey* the court attempted to avoid the statutory prohibition against the inclusion of expert witness fees in a cost award by equating expert witness fees and other nonallowable costs of litigation with attorney fees and by concluding that such costs may be included in an award of contractual attorney fees. We cannot adhere to that approach. In the absence of some specific provision of law otherwise, attorney fees and the expenses of litigation, whether termed costs, disbursements, outlays, or something else, are mutually exclusive . . . ." (*Id.* at pp. 1625-1626.)

Defendants urge us to reconsider and reject the reasoning of *Ripley* and adopt the approach of *Bussey*. We decline. Every subsequent reported decision considering the issue has followed *Ripley* and rejected *Bussey*. (See *Fairchild v. Park* (2001) 90 Cal.App.4th 919, 931 [109 Cal.Rptr.2d 442]; *Steiny & Co. v. California Electric Supply Co.* (2000) 79 Cal.App.4th 285, 293-294 [93 Cal.Rptr.2d 920]; *First Nationwide Bank v. Mountain Cascade, Inc.* (2000) 77 Cal.App.4th 871, 878 [92 Cal.Rptr.2d 145]; *Robert L. Cloud & Associates, Inc. v. Mikesell* (1999) 69 Cal.App.4th 1141, 1154 [82 Cal.Rptr.2d 143]; *California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, 1514-1515 [44 Cal.Rptr.2d 591].) We find the reasoning of *Ripley* to be sound in that it precludes an award of expert witness fees as an item of litigation costs.

■ Defendants argue that the language of the contractual provision at issue here unequivocally demonstrates an intent that the prevailing party recover *all* expenses incurred as a result of litigation over the contract. However, to the extent this is true, it does not assist defendants. In *Ripley*, we explained that, even where expert witness fees are expressly allowed by contract, this does not mean such fees may be recovered as an item of costs. We explained: "[T]he Legislature has chosen to provide for the recovery of contractual attorney fees in a cost award. (Civ. Code, § 1717; Code Civ. Proc., § 1033.5, subd. (a)(10)(A); see Stats. 1990, ch. 804, § 2.) But the Legislature has declined to adopt that procedure for the recovery of expert witness fees. (Code Civ. Proc., § 1033.5, subd. (b)(1).) Accordingly, assuming expert witness fees may be recovered under a contractual provision, they must be specially pleaded and proven at trial rather than included in a memorandum of costs." (*Ripley, supra,* 23 Cal.App.4th at p. 1627.) In other words, while the parties may agree to allow recovery of expert witness fees by the prevailing party, this is a matter that must be pleaded and proven at trial rather than submitted in a cost bill. (*Ibid.; First Nationwide Bank v. Mountain Cascade, Inc., supra,* 77 Cal.App.4th at p. 878.)

Defendants argue that *Ripley* involved a request for expert witness fees by the prevailing plaintiff, whereas here, defendants are the prevailing party. According to defendants, the same rule that requires a prevailing plaintiff to plead and prove a contractual provision that permits the recovery of expert witness fees cannot apply to a prevailing defendant who is not seeking affirmative relief. We disagree. The provisions of section 1033.5 are not limited to a prevailing plaintiff. It enumerates the items allowable and not allowable as costs by the "prevailing party" pursuant to section 1032. Even where a defendant sued on a contract does not otherwise seek affirmative relief, he may claim the benefit of a contractual provision by a separate

pleading. The rights of the parties under that provision would then be determined by the trier of fact.

Having failed to plead and prove a contractual right to expert witness fees, defendants are precluded from obtaining such relief in this action.

### DISPOSITION

The judgment (order) is affirmed.

Scotland, P. J., and Callahan, J., concurred.