Filed 11/7/14  Gaggero v. Knapp. Petersen & Clarke CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STEPHEN M. GAGGERO et al., | B243062 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC286925) |
| KNAPP, PETERSEN & CLARKE et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court for the County of Los Angeles. Robert L. Hess, Judge.  Affirmed.

Westlake Law Group and David Blake Chatfield for Plaintiff and Appellant Stephen M. Gaggero.

Law Offices of Edward A. Hoffman and Edward A. Hoffman for Appellants Pacific Coast Management, Inc.; 511 OFW LP; Gingerbread Court LP; Malibu Broad Beach LP; Marina Glencoe LP; Blu House LLC; Boardwalk Sunset LLC; and Joseph Praske, as Trustee of the Aquasante Foundation, the Arenzano Trust and the Giganin Trust.

Miller, Randall A. Miller and Steven S. Wang for Defendants and Respondents.

_____

**SUMMARY**

Plaintiff Stephen Gaggero and 10 additional judgment debtors appeal from an order granting a motion for postjudgment enforcement costs and accrued interest filed by defendants Knapp, Petersen & Clarke and several of its principals, and denying plaintiff's motion to tax costs. This order was incorporated in a third amended judgment in favor of defendants.

Plaintiff contends the trial court erroneously awarded fees and costs that were not recoverable because they allegedly were not related to enforcement of the judgment. Additional judgment debtors make similar arguments, and in addition contend that the third amended judgment violated their due process rights and violated a stay order; that there is insufficient evidence to support large portions of the award; and that defendants are estopped from claiming interest and enforcement costs against them.

We affirm the orders.

**FACTS**

In May 2010, we affirmed a judgment against plaintiff in a malpractice lawsuit he brought against defendants. The judgment included an attorney fee award of more than $1.2 million. (*Gaggero v. Knapp, Petersen & Clarke* (May 6, 2010, B207567) [nonpub. opn.] (*Gaggero I* or the malpractice case).) In two unpublished opinions filed today, we have affirmed an order granting defendants' motion to add seven entities and the trustee of three trusts as additional judgment debtors to the judgment (*Gaggero v. Knapp, Petersen & Clarke* (Nov. 7, 2014, B241675) (*Gaggero II* or the alter ego case)), and we have affirmed later orders appointing a receiver and assigning financial rights of additional judgment debtors to defendants. (*Gaggero v. Knapp, Petersen & Clarke* (Nov. 7, 2014, B245114) (*Gaggero III*).)

This appeal challenges the postjudgment enforcement costs and accrued interest awarded to defendants in the third amended judgment entered on August 6, 2012. That judgment added $87,722.25 in postjudgment enforcement costs and $569,569.96 in accrued postjudgment interest to the principal balance of $1,520,943.30 from the previous judgment. The procedural chronology is this:

2

On May 19, 2008, the trial court entered the judgment against plaintiff.

On May 6, 2010, we affirmed the judgment.

On December 28, 2010, the judgment was amended to include attorney fees and costs on appeal and postjudgment interest.

On April 10, 2012, after unsuccessful efforts to enforce the judgment against plaintiff, defendants moved to add additional judgment debtors to the judgment.

On May 15, 2012, defendants filed the motion for postjudgment enforcement costs and accrued interest that is at issue in this appeal.

On May 29, 2012, the trial court found additional judgment debtors were plaintiff's alter egos and added them to the judgment.

On May 31, 2012, plaintiff moved to tax the postjudgment enforcement costs.

On June 29, 2012, plaintiff filed his opposition to the motion for postjudgment enforcement costs.

On July 6, 2012, defendants filed a reply in support of their motion for postjudgment enforcement costs, serving it on plaintiff and additional judgment debtors.

On July 13, 2012, the trial court granted defendants' motion for enforcement costs and interest in the amount sought, and denied plaintiff's motion to tax costs.

On August 3, 2012, plaintiff's attorney filed a notice of appeal from the July 13, 2012 order on behalf of plaintiff and additional judgment debtors.

On August 6, 2012, the trial court entered the third amended judgment incorporating the postjudgment enforcement costs and accrued interest. On the same day, in response to a supersedeas petition additional judgment debtors filed in the alter ego case, this court issued a stay of proceedings in the trial court to enforce the judgment against additional judgment debtors. The stay was lifted on August 30, 2012.

Additional relevant facts will appear in our discussion of the legal issues, and other details of the litigation also appear in *Gaggero II* and *Gaggero III*, filed simultaneously with this opinion. For our purposes here, it suffices to say that plaintiff apparently is loath to pay his creditors, and long ago devised an "estate plan" under which he transferred his personal assets, then amounting to some $35 or $40 million, to

3

limited partnerships and limited liability companies, and then transferred his ownership of those entities to several trusts, with estate lawyer Joseph Praske as trustee. In *Gaggero II*, we affirmed the trial court's conclusion that Mr. Praske was plaintiff's "rubber stamp" and the entities in plaintiff's estate plan – Mr. Praske as trustee of the three trusts and seven other entities that comprised the trust assets – were plaintiff's alter egos and liable for the judgment against him. Now he and they object to the award of postjudgment enforcement costs defendants incurred in efforts to satisfy the judgment.

## DISCUSSION

A judgment creditor "is entitled to the reasonable and necessary costs of enforcing a judgment." (Code Civ. Proc., § 685.040.) (All statutory citations are to the Code of Civil Procedure.) Attorney fees incurred in enforcing a judgment are included in collectible costs if the underlying judgment included an award of attorney fees as costs (*ibid.*), as was the case here.

Under section 685.070, a judgment creditor may claim, by filing a memorandum of costs, specified statutory fees and costs; costs incurred in connection with enforcement proceedings that have been approved by the judge or referee conducting the proceeding; and the attorney fees allowed by section 685.040. (§ 685.070, subds. (a) & (b).) Section 685.080 allows the judgment creditor to claim costs authorized by section 685.040 by noticed motion. (§ 685.080, subd. (a).) The costs claimed under section 685.080 "may include, but are not limited to, costs that may be claimed under Section 685.070 and costs incurred but not approved by the court or referee" in other enforcement proceedings. (*Ibid.*) "The court shall make an order allowing or disallowing the costs to the extent justified under the circumstances of the case." (§ 685.080, subd. (c).)

"The usual standard of review for an award of attorney fees is abuse of discretion. [Citation.] But whether the trial court had the authority to award attorney fees is a legal issue which we review de novo." (*Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1273; see *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, 886 [questions as to whether fees

4

and costs incurred to enforce a judgment were "reasonable and necessary in whole or in part" are left "in the good hands of the trial court"].)

Defendants filed both a memorandum of costs and a noticed motion, seeking $87,722.25 for judgment enforcement efforts since December 2010, consisting of $86,247.70 in attorney fees and $1,474.55 in costs. A declaration from their counsel described the postjudgment discovery defendants conducted in their attempts to enforce the judgment; plaintiff's failure to cooperate in responding to discovery; counsel's "time consuming and arduous" task of obtaining information on the structure of plaintiff's "estate plan" and its associated entities; the compilation of evidence to support its motion to add alter ego entities to the judgment; and so on. Counsel's invoices for fees incurred in the judgment collection efforts and other documents were included with defendants' motion.

We conclude the trial court did not err in finding the fees and costs awarded were "reasonable and necessary costs" of enforcing the judgment, and none of the claims to the contrary has merit.

1.     **Contentions that Costs Were Not Incurred to Enforce the Judgment**

Plaintiff contends that only $28,103 of the $86,247.70 in attorney fees were incurred enforcing the judgment against him, and the rest of the award cannot stand.

First, he asserts that he cannot be made to pay fees connected with defendants' alter ego motion, "because they were not incurred to enforce the judgment against him." He cites no authority that supports his contention and, in light of our conclusion in *Gaggero II* that he and additional judgment debtors are alter egos and that he controlled them to serve his own ends, the claim is plainly without merit. Plaintiff's further claim that defendants' alter ego motions were not "reasonable and necessary" cannot withstand scrutiny; plaintiff testified at his debtor exam that he has never had the resources to pay the judgment against him. Additional judgment debtors' similar claim, that defendants' alter ego motion was an effort "to *change* the judgment, not to enforce it," is equally specious. The motion was plainly an effort to collect the unpaid judgment, and the costs of bringing it are recoverable under section 685.040. (Cf. *Cardinale v. Miller* (2014) 222

5

Cal.App.4th 1020, 1025, 1026 [an award of fees as costs against third parties who conspired to help a judgment debtor evade efforts to enforce a judgment was authorized under section 685.040].)

Second, plaintiff contends that attorney fees for activities such as preparing status reports to defendants and their insurance carriers "had nothing to do with enforcing the judgment" and cannot be recovered. He cites no authority for this proposition, legal or practical, and we reject it. Such activities are a necessary aspect of the attorney services performed to enforce the judgment.

Third, plaintiff contends several entries on the legal bills were for work on other cases. He cites several pages of defendants' invoices that contain entries referring to the "Sulpher Mountain" and "Bungee" cases (apparently referring to such entries as "Assess additional information about underlying Sulphur Mountain case for revisions to report"). But plaintiff makes no showing that any of these entries (which he does not specifically quote) were for work on those other cases; the "information," for all we know, was pertinent to this case. And, since plaintiff says he brought these entries to the trial court's attention, we must assume the trial court concluded the work *was* pertinent to this case. Plaintiff offers no basis for this court to conclude otherwise.

Fourth, plaintiff contends the fee award included "hundreds of dollars" for seeking an award of fees and costs related to plaintiff's appeal from the original judgment in the malpractice case. His first record citation is mistaken, and he does not identify the objectionable entry or entries in his other record citation, or tell us the exact amount to which he objects. Plaintiff cites no relevant authority, simply stating that "[d]efending the propriety of a judgment is not the same thing as enforcing it." In view of plaintiff's lack of specificity and the lack of cited authority for plaintiff's proposition, we can find no error in the inclusion of these fees in the award.

Fifth, plaintiff contends the trial court should not have awarded "thousands of dollars in fees for dozens of billing entries" related to plaintiff's appeal from a trial court order compelling him to respond to postjudgment discovery. This was an appeal plaintiff filed from an October 5, 2011 order granting defendants' motion to compel and imposing

6

monetary sanctions of $2,000 on plaintiff and his counsel. On October 3, 2012, this court dismissed that appeal (case No. B236834) on the court's own motion as having been taken from a nonappealable order. Plaintiff contends defendants' fees for work opposing that appeal are not recoverable as costs of enforcement, because appellate attorney fees "must be claimed after an appeal has been resolved," and his appeal of the order was still pending when the trial court awarded the fees as costs of enforcement on July 13, 2012. Again, plaintiff does not specify the precise amount of the fees to which he objects or identify specific time entries, and cites no authority for the proposition that such fees can never be recovered under section 685.040. They were clearly incurred in opposing plaintiff's continued resistance to payment of the judgment. Under the circumstances, we have no difficulty concluding that defendants may recover, as costs of enforcement, fees related to work opposing the appeal of a postjudgment discovery order that was not appealable in the first place.

Sixth, plaintiff asserts the trial court erred by awarding fees based on billing entries that were "heavily redacted." (Defendants made the redactions to prevent plaintiff from learning their enforcement strategy.) Plaintiff says "there was no way to tell what they were for." We have examined the redacted entries, and do not share plaintiff's difficulty in telling whether the entries were connected to the present case. And we do not doubt that the trial court, being intimately familiar with the case, could review those entries and determine they reflected fees for work that was reasonable and necessary for enforcement of the judgment. Plaintiff has shown no abuse of discretion.

Finally, plaintiff objects to $137.40 in costs as nonrecoverable: $84 in filing fees (a $44 filing fee for the alter ego motion, and a $40 filing fee for an ex parte application to correct a minute order), and $53.40 for "unexplained photocopying charges." Plaintiff gives no explanation for why the filing fees should not be recovered. The trial court allowed them, and we are presented with no reason to disagree.

That leaves $53.40 in photocopying costs. Plaintiff says these costs are not recoverable, citing *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1628, and says, without explanation, that they were not related to enforcement of the judgment. *Ripley*

7

said that photocopying costs (like expert witness costs) "are expressly disallowed as costs unless expressly permitted by law" under section 1033.5. (*Ripley,* at pp. 1627-1628, citing § 1033.5, subd. (b)(3) ["photocopying charges, except for exhibits" are "not allowable as costs, except when expressly authorized by law"]; but see the much-criticized *Bussey v. Affleck* (1990) 225 Cal.App.3d 1162, 1165, 1167 [permitting recovery of counsel's out-of-pocket costs where the parties have contracted for payment of fees and costs]; see also § 685.080, subd. (c) ["[t]he court shall make an order allowing or disallowing the costs [claimed for enforcing a judgment] to the extent justified under the circumstances of the case"].) In this case, for all we know (plaintiff has provided no transcript of the hearing), the photocopying costs *were* for exhibits of some sort. Given the *de minimis* nature of this cost – $53.40 – we decline to consider further whether there was any error by the trial court.

## 2.     Other Claims by Additional Judgment Debtors

In addition to echoing plaintiff's contentions, additional judgment debtors offer several other reasons for reversing the trial court's rulings.

They contend the trial court should not have awarded the $1,474.55 in costs defendants sought. They claim there was no breakdown of the costs in the costs memorandum to show the amounts of various statutory costs, and contend other costs were not described sufficiently to determine whether they were "reasonable and necessary." But all this information appears in the evidence accompanying defendants' noticed motion, filed simultaneously with the costs memorandum. All costs were specifically listed in defendants' invoices, and documentation of the costs was attached to the invoices. We see no reason why the trial court should not have found the documentation satisfactory, and the costs claimed reasonable and necessary.

In the same vein, additional judgment debtors claim the attorney fees should be reduced by $20,550, for work performed by six individuals, because "there is no declaration stating that any of them are attorneys." This is a frivolous claim. The claim refers, for example, to time entries for Kamran Khajavi-Nouri, who the record shows appeared in court for defendants on October 5, 2011, as well as to time entries for other

8

lawyers described in the billing as "partner" or "counsel," some of whom had billing rates higher than the associate who did most of the work. And, the associate's declaration states that, in addition to her, "several other Miller LLP attorneys worked on judgment enforcement efforts since December 2010." The trial court was in a good position to know whether these fees were appropriate.

Additional judgment debtors also make several procedural claims.

First, they say that the third amended judgment they challenge in this appeal violated their due process rights, because defendants did not serve them with the fee motion and memorandum of costs. (They also complain that the motion sought no relief against them, so even if they had been served, the papers "would have failed to put them on notice that their rights were at stake or that they had reason to attend the July 13 hearing [on the postjudgment enforcement costs].") These complaints are meritless.

There was no due process violation. As the chronology of events shows (see p. 3, *ante*), defendants filed their motion for postjudgment enforcement costs and accrued interest two weeks *before* the hearing on their alter ego motion. At that time, there was no reason to serve additional judgment debtors because they were not yet additional judgment debtors. After they were added to the judgment on May 29, defendants served them with (1) their June 29, 2012 opposition to plaintiff's motion to tax costs, and (2) their July 6, 2012 reply in support of their motion for postjudgment enforcement costs. (We note that, although the trial court added them to the judgment on May 29, 2012, *plaintiff* did not serve additional judgment debtors with his May 31, 2012 motion to tax costs, or his July 6, 2012 reply to defendants' opposition, or his June 29, 2012 opposition to the motion for postjudgment enforcement costs, which reveals the farce behind this particular argument.) The assertion that additional judgment debtors had no notice of or opportunity to be heard at the July 13, 2012 hearing, and "no notice their interests would be at stake" at that hearing, is simply untrue. They had been added to the judgment, and they had actual notice of the July 13 hearing through defendants' service of their opposition and reply papers. And if this were not enough, additional judgment debtors ignore the fact that they were found to be alter egos of plaintiff, who controlled trustee

9

Praske and the rest of the additional judgment debtors to serve plaintiff's ends, a conclusion we have affirmed today in *Gaggero II*. As a practical matter, there can be no doubt additional judgment debtors were fully apprised of all developments in this litigation.

Next, additional judgment debtors contend the third amended judgment, entered on August 6, 2012, is "void" because it was entered on the same day as this court's stay order, which "trump[s]" the trial court's amended judgment. This is another frivolous contention. As additional judgment debtors acknowledge, trial courts retain jurisdiction to amend judgments to add fees and costs while an appellate stay is in place.

Finally, additional judgment debtors contend that defendants are estopped to claim accrued interest and enforcement costs against them, because defendants should have added them to the judgment years ago, rather than waiting until 2012. As we have found in *Gaggero II*, there is no basis for their claim of improper delay in adding them to the judgment. Their claim in this appeal that we should nevertheless "at least hold that the delay barred [defendants'] claim for interest and for the costs of enforcing the judgment in the interim" – because if they had been named in the original May 19, 2008 judgment, "they could have paid it before any significant amount of interest had accrued" – is patently groundless.

### 3. A Final Note on Motions Filed During this Appeal

In their respondents' brief, defendants point out that neither plaintiff nor additional judgment debtors provided a reporter's transcript of the July 13, 2012 hearing at which the trial court decided the motions at issue in this appeal. Defendants argue this failure resulted in an inadequate record on appeal, precluding additional judgment debtors from claiming the trial court abused its discretion in determining the costs were reasonable and necessary, and from claiming there was insufficient evidence to support the award. Defendants also argue, in response to additional judgment debtors' claim they had no notice of the July 13 hearing, that the record was inadequate to show that additional judgment debtors were not actually represented by counsel for plaintiff (David Chatfield) at that hearing.

10

We have not considered the merits of these arguments in resolving this appeal. Defendants' arguments did, however, precipitate both a request from additional judgment debtors to file an oversized reply brief and a blizzard of further motions from additional judgment debtors. These were (1) a motion to correct the record on appeal (to show that the transcript of the alter ego hearing on May 29, 2012, erroneously showed that plaintiff's counsel, Mr. Chatfield, said "I represent the trustee," when in fact the speaker was David Esquibias, counsel for additional judgment debtors); (2) a motion to augment the record on appeal (to prove that Mr. Esquibias was their counsel for all purposes before and after the July 13 hearing); and (3) a motion to take evidence so they can attempt to prove that plaintiff's failure to provide a reporter's transcript was really defendants' fault (by "denying them notice of the July 13 hearing").

We deny all these motions. Additional judgment debtors are correct when they say it was really Mr. Esquibias who said that he represented the trustee, but all of the ink spilled on this and the other points is entirely unnecessary to our disposition of the appeal. We understand that Mr. Esquibias represented the additional judgment debtors, and our resolution of the appeal does not depend on whether he was or was not at the July 13 hearing, or on whether plaintiff's counsel did or did not also represent additional judgment debtors at that hearing. As we have already concluded, additional judgment debtors had actual notice of the hearing, and their failure to attend may not be laid at defendants' door.

As for the absence of a transcript of the hearing, little need be said. In their reply briefs, plaintiff and additional judgment debtors all say their appeal raises no questions requiring a transcript. In any event, it was plaintiff's responsibility to procure a reporter, if he wished to have a transcript on appeal, and, as we have concluded in *Gaggero II*, plaintiff has controlled this litigation from its inception. To the extent, if at all, the absence of a transcript has prevented plaintiff or additional judgment debtors from showing that the trial court was wrong on any point – and they say it has not – that absence was plaintiff's own doing. And it is settled that an order of the trial court is presumed correct: " 'All intendments and presumptions are indulged to support it on

11

matters as to which the record is silent, and error must be affirmatively shown.'
[Citation.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) None was shown
here.

## DISPOSITION

The order is affirmed. Defendants shall recover their costs on appeal.


GRIMES, J.

We concur:

RUBIN, Acting P.J.



FLIER, J.