[Civ. No. 25112.   Second Dist., Div. Three.   Dec. 13, 1961.]

RICHARD A. DAVIS et al., Plaintiffs and Respondents, v. RUBEN WILDE et al., Defendants and Appellants.

Cushman and Grover and Henry E. Kappler for Defendants and Appellants.

Robert H. Lund and Floyd H. King for Plaintiffs and Respondents.

SHINN, P. J.—The present appeal is by Ruben Wilde and Frank La Fontaine from an order refusing to strike from the cost bill of plaintiffs, Richard A. Davis and Robert E. Platt, certain items of costs and disbursements claimed by the latter.

Davis and Platt sued John F. Schaefer, Joseph S. Schaefer, Jean Fowler Schaefer, Ruben Wilde and Frank La Fontaine for the recovery of damages resulting from injuries sustained by plaintiffs in the collision of their automobile with one driven by John F. Schaefer, a minor. Joseph and Jean Schaefer were joined as defendants under allegations that they had signed the application of their son for a driver's license pursuant to former sections 350-352 of the Vehicle Code (now §§ 17700-17710). Wilde and La Fontaine were named as defendants in separate causes of action in which it

was alleged that said defendants had been employed to repair, inspect, maintain and adjust the brakes of the Schaefer car; they did the work negligently, the brakes were thereby caused to fail and the failure of the same proximately caused the Schaefer car to come into collision with that of the plaintiffs. In a jury trial both plaintiffs recovered judgment against defendants Wilde and La Fontaine, alone, and the defendants Schaefer were awarded judgment against plaintiffs for their costs of suit.

Admittedly, the Schaefers having prevailed, they were entitled to recover the amount of their costs and disbursements from plaintiffs. Defendants Schaefer filed a memorandum of costs claiming the sum of $487.30. Plaintiffs filed a memorandum of costs claiming $547.75. Wilde and La Fontaine made a motion to tax costs supported by an affidavit of one of their attorneys by which it was shown that the costs claimed by plaintiffs included all the items making up $487.30 as the costs claimed by the Schaefers, none of which had been expended or incurred by plaintiffs. These included clerk's fees, jury fees, witness fees and fees for the serving of process, all of which had been expended by the Schaefers alone and for which plaintiffs were liable to the Schaefers. The motion of Wilde and La Fontaine was denied.

Under the theory of plaintiffs, adopted by the trial court, where two or more tortfeasors are charged with liability for negligence, and one is held liable to the plaintiff and the other not, the former must bear not only the costs of the plaintiff but those of the successful defendant as well.

The parties realize that the right to recover costs is purely statutory, but plaintiff has referred us to no statutory authority, and we are aware of none, for imposing on an unsuccessful tortfeasor the burden of the costs of a codefendant who has established a defense to the action.

The point was decided adversely to the contention advanced by the present plaintiffs in *Gibson* v. *Thrifty Drug Co.*, 173 Cal.App.2d 554 [343 P.2d 610]. In that action for the recovery of damages for personal injuries, Borun Bros., a corporation, and Los Angeles Union Terminal, Inc., were among those named as defendants. Judgment was in favor of Borun Bros. and against Los Angeles Terminal, Inc. Both Borun Bros. and plaintiff had demanded trial by jury and Borun Bros. had deposited and paid $650 as jury fees. In due time, Borun Bros. caused judgment to be entered in its favor and filed a memorandum of costs in which it claimed, among other

things, the jury fees paid by it. Plaintiff, having previously filed a memorandum of costs claiming the amount of her own costs and disbursements, made a motion for amendment of her memorandum so as to include in her claim for costs the $650 claimed by Borun Bros. against her. Over the opposition of Los Angeles Union Terminal, Inc., the motion was granted and the court retaxed plaintiff's costs in the sum of $746.80, which included the item of $650. On the appeal of Los Angeles Union Terminal, Inc., the judgment was reversed and the trial court was directed to amend its order retaxing costs so as to deduct from plaintiff's costs the item of $650. The court stated (p. 556) : "The defendant Borun Bros. and appellant were co-defendants but were not adverse parties and neither was entitled to its costs as against the other. . . . She [plaintiff] was not, however, entitled to recover from appellant the amount of the judgment obtained against her by Borun Bros. for these were not her disbursements nor were they paid or payable by her to the clerk but payable to Borun Bros. The right to costs is statutory and the statute does not give a party any right to recover those amounts which she has become liable for because she has unsuccessfully prosecuted an action against a third person as well as against a defendant as to whom she is successful. To hold otherwise would be to indirectly make the defendant liable for the costs incurred by another defendant."

We are in full agreement with this holding. Wilde and La Fontaine were not the ones who brought the Schaefers into the case as defendants, nor was it their responsibility that plaintiffs may have considered it necessary to name them as defendants. That was the responsibility of the plaintiffs.

The order is reversed and the trial court is directed to amend its order retaxing costs in accordance with the views herein expressed.

Vallée, J., and Ford, J., concurred.