Filed 6/14/22  Sutherland v. Arent CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CANDYCE K. SUTHERLAND, as TRUSTEE<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIEN J. ARENT et al.,<br><br>    Defendants and Appellants. | A161411<br><br>(Lake County<br>Super. Ct. Nos. PR 502326 &<br>CV 418910) |

Respondent Candyce Sutherland is the successor trustee for a trust that holds properties in Lakeport purchased by her late parents.  She became involved in litigation with her brother, appellant Brian Arent, and his longtime partner, appellant Eva Keiser, after they claimed that Sutherland and Arent's father changed the trust shortly before he died.  Following a court trial, the trial court concluded that appellants had forged a lease agreement in an effort to keep Sutherland from accessing trust property, granted Sutherland the discretion to sell the properties in the trust, and charged Arent's share of the trust for the attorney fees incurred by Sutherland on behalf of the trust.  This court affirmed in an unpublished opinion.  (*Sutherland v. Arent* (Mar. 24, 2022, A160404) (*Sutherland I*).)  In this appeal, appellants challenge the award of costs to Sutherland.  We affirm.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

We set forth the facts underlying the siblings' dispute in *Sutherland I* and need only briefly summarize them here. Sutherland and Arent's parents held three Lakeport properties in trust: a 76-acre parcel on Scotts Valley Road that includes a ranch house on one side of the road and a cabin on the other ("the Ranch"), a nearby hayfield with no structures, and a 15-acre parcel across the road from the Ranch that includes a house where appellants have lived since the early 1990s. The parents named Sutherland as the successor trustee, and she, Arent, and their two other siblings are all trust beneficiaries. Sutherland and Arent's mother died in 2016, and their father died in February 2017. Shortly after the father's death, Arent told Sutherland that their father had appointed him (Arent) as lead trustee and had changed how he wanted the trust administered.

Sutherland initiated litigation, which lasted years. At one point Sutherland initiated separate unlawful detainer proceedings against appellants in order to gain access to the Ranch, but a court ruled in appellants' favor after they presented a forged lease agreement they claimed to have entered into with Sutherland and Arent's father. Sutherland then sought in these proceedings cancellation of the lease agreement as invalid and also the authority to sell the Ranch. Sutherland also sought to evict three tenants from the cabin on the Ranch property, but the three were dismissed after they agreed to vacate the cabin. Following a court trial, the court granted Sutherland the discretion to sell trust property.

After entry of judgment, Sutherland filed a memorandum of costs seeking to recover $6,625.90. She sought (1) filing and motion fees, (2) deposition costs, (3) service-of-process costs, (4) witness fees, (5) court-

2

reporter fees, and (6) exhibit costs. Appellants filed a motion to strike the memorandum of costs, or in the alternative to tax costs. As relevant to this appeal, they argued that Sutherland was not entitled to costs for serving "Defendants [who were] dismissed after Court's ruling on demurrer," a reference to the three tenants who were living in a separate cabin on Ranch property. In her opposition, Sutherland explained that after the death of her father, those three tenants had entered into a lease agreement for the cabin with Arent in which Arent was (falsely) identified as the "owner." After the three defendants were served, they changed their minds about asserting their right of possession, and they were dismissed from the action. Sutherland argued it was thus reasonably necessary to include those three defendants in her action to quiet title to the Ranch because it helped to obtain the relief Sutherland sought. (E.g., *Davis v. Wilde* (1961) 197 Cal.App.2d 855, 857 [defendant responsible for costs of co-defendants only if defendants brought them into case or were responsible "that plaintiffs may have considered it necessary to name them"].)

At the hearing on the motion, Keiser argued that she and Arent should not be charged with anything related to the dismissed tenants because they (appellants) had "nothing to do with [them]." Sutherland's attorney disagreed and claimed that Keiser had written "extensive legal papers" on behalf of the dismissed tenants, including a demurrer, and had argued that the tenants had a right to occupy the cabin on Ranch property. He contended that it was "extremely reasonable" to name the tenants because Sutherland was required to name in a quiet title action all persons claiming an interest in the property. Keiser then claimed that she "didn't have anything to do with their—their legal writings regarding this demurrer" and that the dismissed tenants' involvement "had nothing to do with me knowing them for

3

22 years, living next to them, or me being their ADA [Americans with Disabilities Act] coordinator."

The trial court concluded that all the requested charges were properly chargeable and reasonable under the circumstances, subtracted $16.60 that Sutherland no longer sought in mileage fees, but otherwise granted her request and awarded her $6,609.30 in costs.

## II.
### DISCUSSION

### A. *Sutherland Was Entitled to Fees Incurred Evicting Tenants of the Ranch Even Though They Were Later Dismissed from These Proceedings.*

Appellants first renew their argument that Sutherland should not be able to recover the $219 in service-of-process costs incurred in connection with eviction proceedings against the three tenants, because the tenants were later dismissed from this case. We disagree.

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)[1] "Prevailing party" includes a party with a net monetary recovery or a party who is determined to be the prevailing party by the court. (§ 1032, subd. (a)(4).) It is undisputed that Sutherland was the prevailing party in her action as against appellants.

Appellants claim that they should not have to pay costs incurred in litigation against the three dismissed tenants because Sutherland was not the "prevailing party" as to those tenants. But they completely ignore Sutherland's argument below: namely, that appellants made it necessary to add the tenants as defendants and that although they were dismissed, this

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

4

was because they dropped their claim for possession of their rental cabin, thus furthering Sutherland's goal of gaining possession of the Ranch. In other words, Sutherland essentially argued that the costs were "reasonably necessary to the conduct of the litigation," as required under section 1033.5, subdivision (c)(2), and as set forth in *Perko's Enterprises, Inc. v. RRNS Enterprises* (1992) 4 Cal.App.4th 238, 244, cited by appellants. An appellant may recover costs associated with a dismissed defendant where the remaining defendants' actions made it necessary to add the dismissed defendants as parties. (*Transamerica Title Ins. Co. v. Green* (1970) 11 Cal.App.3d 693, 704 [plaintiff may recover costs against remaining defendant if that party "was responsible for the plaintiff having named the successful defendant as a party"]; *Davis v. Wilde, supra,* 197 Cal.App.2d at p. 857.) And a prevailing party may be one who obtained "overall litigation success" under equitable principles. (*Pont v. Pont* (2018) 31 Cal.App.5th 428, 443.) Sutherland was entitled to her costs of serving the three tenants, because securing possession of the rental cabin from the tenants was part of her overall litigation goal of removing appellants' claimed control over trust property.

In short, we reject appellants' argument that the dismissal of the three tenants from this lawsuit means Sutherland is not entitled to recover her costs of serving them, since appellants' actions made it reasonably necessary to her goals of litigation, which she achieved even though they were ultimately dismissed.

### B. Sutherland Is Entitled to the Remaining Costs Awarded by the Trial Court.

Appellants next argue that in the event this court were to reverse the judgment against them in A160404, it should reverse the award of costs as

5

well.  This argument is meritless, as this court affirmed the judgment in *Sutherland I, supra*, after appellants filed their briefs in this appeal.

Appellants also contend that even if the judgment is affirmed, certain costs should not be allowed for other reasons.  But they do little more than list the disputed costs, without addressing Sutherland's explanation for the costs below, let alone explaining why the trial court erred in concluding that the costs were reasonable under the circumstances.

Section 1033.5 enumerates costs that are allowable (subd. (a)) and not allowable (subd. (b)).  When cost items expressly permitted by section 1033.5, subdivision (a), appear proper, and are set forth in a verified memorandum, the burden is on the party objecting to show they are not properly chargeable or are unreasonable.  (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.)  We review a costs award for abuse of discretion.  (*El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.)  No such abuse of discretion has been shown.

Sutherland sought a total of $826 in filing and motion fees, which are expressly allowed under section 1033.5, subdivision (a)(1).  In their motion to tax costs, appellants argued generally that the "boilerplate" listing of filing and motion fees was insufficient to establish that the items were reasonably necessary to the conduct of the litigation.  But then at the hearing, they raised new objections to individually listed fees, which they renew on appeal.

The first such fee was $131 to file a notice of pendency of action. Appellants acknowledged at the hearing below that the fee was necessary for Sutherland's cause of action to quiet title but argued that Sutherland did not succeed on that cause of action and thus was not entitled to the cost. Sutherland's counsel countered that Sutherland did what was required and that it was thus a proper cost.  On appeal, appellants renew their argument

6

that the $131 fee was not allowed because "no finding on this [quiet title] cause of action [was] addressed in the judgment after trial." But given that Sutherland was the prevailing party and appellants recovered nothing, we see no reason to set aside the trial court's finding that all of Sutherland's requested fees were reasonable under the circumstances.

Sutherland's memorandum of costs also listed two separate $60 filing fees that appellants challenge, one for consolidation of cases and one to file a notice of hearing on her petition for instructions under Probate Code section 17200. In their opening brief, appellants simply contend, "Another filing fee is for $60.00 to refile Sutherland Petition per Prob. Code section 17200 that was removed by Demurrer from Sutherland's civil action." They further claim that "another $60.00 [fee] for a motion to consolidate was Sutherland's decision, knowing it would generate duplicate filing fees." Sutherland's counsel explained at the hearing in the trial court that Sutherland had sought to consolidate her civil action with her probate petition, but that the judge asked for the probate matter to be re-filed so the matters could proceed separately as a matter of convenience. Again, appellants do not address this explanation in their opening brief, and we see no reason to set aside the trial court's ruling.

Appellants further claim that the $20 fee for an ex parte application for an order to sell trust property was a fee that Sutherland incurred after trial while the case was under submission. By the time of the costs hearing, though, Sutherland had prevailed and thus was entitled to this fee. Her attorney argued that "it was a reasonable motion," and we find no reason to set aside the trial court's order.

As for the final disputed filing fee, appellants challenge the $60 fee that Sutherland incurred filing a motion to compel discovery. At the hearing on

their motion to tax costs, appellants acknowledged that Sutherland "did have to do that [compel discovery]," but they argued that their inability to meet their discovery obligations was "due to the death of our son," who apparently died around the time discovery was served. Sutherland's attorney argued that the motion to compel was reasonable given that the trial court granted the request and, again, we see no reason to find that the cost was unreasonable.

Finally, appellants challenge the $2,560.01 Sutherland sought in court reporter fees, which are recoverable under section 1033.5, subdivision (a)(11). They claimed in their motion to tax costs that these costs "have been incurred collectively by all other parties and parties' respective financial positions." Sutherland clarified in her opposition that she was seeking only the court reporter fees she was charged and paid, and not those fees billed to other parties, and she apparently submitted a declaration supporting that clarification (though it is not included in the record on appeal). Appellants now claim that the reporter fees are "not allowed under Government Code section 68637, as Arent and Keiser were granted a fee waiver." Government Code section 68637 governs recovery of trial court fees where a party whose fees were waived then *prevails* in the action. It specifically does not apply to parties such as appellants, against whom a judgment is entered. (Gov. Code, § 68637, subd. (b)(3)(C).) As Sutherland's attorney put it at the hearing in the trial court, "[T]he Court's already surcharged these parties with attorney's fees that are hundreds of thousands of dollars, so I don't think that $6,000 for costs that we're claiming, that are proper statutory costs, that are all reasonable in the context of this litigation would be taxed on the basis of some kind of argument that these are pro pers that shouldn't be taxed with costs."

8

Because appellants have failed, both below and on appeal, to show that the costs were not properly chargeable or were unreasonable, we reject their objections to individual fees. (*Nelson v. Anderson, supra*, 72 Cal.App.4th at p. 131.)

### C. Appellants' Remaining Arguments Were Not Raised Below and Are Not Properly Raised in this Appeal.

Finally, we reject appellants' remaining arguments, raised for the first time on appeal, that their due process rights were violated, that the award against them was "grossly excessive," and that the judgment was "based on the tort theory of a fraudulent instrument without affording Arent and Keiser procedural due process when awarding punitive and compensatory damages."

It is axiomatic that as a general rule parties may not raise theories for the first time on appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Appellants do just that when they cite law regarding violations of due process and punitive damages. In any event, their somewhat confusing arguments appear directed at supposed errors with the underlying judgment, which this court already has upheld. For example, appellants claim that the case was based on "tort theory" and that granting Sutherland the ability to recover her attorney fees was error. They also raise arguments about the collateral effects of the forged lease they presented at trial that this court previously rejected in *Sutherland I.* In the absence of further reasoned argument, we reject appellants' contentions.

III.
DISPOSITION

The order denying appellants' motion to strike, or in the alternative tax costs, is affirmed. Sutherland shall recover her costs on appeal.

9

_____
Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

Wiss, J. *




*Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*Sutherland v. Arent*  A161411


10